## CHARLESTOWN.

### CRAIG v. McCULLOCH, *et als.*

Submitted June 23, 1882—Decided August 19, 1882.

1. The power of a court to punish for contempt is arbitrary and discretionary with the court, against whom, or whose orders, the offense has been committed; and proceedings for the punishment of such an offense being in their nature criminal, this Court has no jurisdiction to review an order of the circuit court deciding, that no contempt has been committed. (p. 152.)

2. An agreement to pay interest upon interest is valid, if made after the interest, which is to bear interest, has become due and payable. (p. 153.)

3. A, being indebted to B by written contract, from time to time, as interest became due and payable by the terms of such contract, gave to B his notes for such accrued interest, and subsequently, upon a settlement between the parties, said notes with the interest computed thereon from their respective dates are added to the original debt, and an obligation is then executed by A to B for the aggregate amount bearing interest from date, and a trust deed on real estate given to secure said obligation. HELD:
   This is not usurious nor inequitable. (p. 154.)

4. Where an injunction is obtained upon a bill alleging a parol contract for the extension of the time for the collection of a debt secured by trust deed, and the proof does not, in the opinion of this Court, establish such a contract as would be specifically enforced by a court of equity, it will not be held, that the circuit court erred in refusing to direct an issue to be tried by a jury to ascertain, whether such contract was in fact made. (p. 155.)

Appeal from and *supersedeas* to a decree of the judge of the circuit court of the county of Mason, rendered in vacation on the 6th day of July, 1881, in a cause in said court then pending, wherein George W. Craig was plaintiff, and John McCulloch and James H. Couch were defendants, allowed upon the petition of said Craig.

Hon. F. A. Guthrie, judge of the seventh judicial circuit, rendered the decree appealed from.

The facts of the case appear in the opinion of the Court.

*John W. English* for appellant cited the following authorities:   4 Rand. 411; 8 W. Va. 95; 4 W. Va. 610; 11 W. Va. 562; *Id.* 584; 18 Gratt. 231.

*William A. Quarrier* for appellant.

1. The defendants refused to obey the order of injunction in this case.    This is a contempt.

2. A party in contempt cannot ask to dissolve an injunction until he has purged himself from the contempt.    Particularly when the contempt is called to the attention of the court by affidavit.    2 High on Injunctions, section 1464.

3. The compounding of interest is illegal, except (*a*) when the original security provides for the stated payment of interest and the right to make the interest principal upon default of payment.    (*b*) Or where, after interest has accrued, there be a new contract for forbearance of the original debt, in consideration of which the accrued interest should become principal.    *Genin* v. *Ingersoll*, 11 West Va. 555; *Pindall* v. *Bank*, 10 Leigh 481.

4. Except where the contract is as described in point three, the compounding of interest is usurious.    *Ward* v. *Brandon*, 1 Heiskell 490.

5. If the lender compound interest four times upon the borrower, no circumstances will excuse the compounding, it becomes a shift, and a device to evade the law.    *It is usury.* Code West Va. section 7 chapter 96; 7 Wait's Actions and Defences 611.

6. If the usury was committed and the usurious contract executed before the passage of the Code of West Virginia, section 5 Code of Virginia applies, and the contract for both principal and interest is void.    The adoption of the Code of West Virginia cannot revive the void contract.

7. If the original contract be void, and the original loan be forfeited, a note for the interest, legal and illegal, that accrued on the void and forfeited loan, though executed after the passage of the Code, is also illegal and void.

8. When relief is asked from a court of equity, upon the ground of a new contract, and the evidence of the existence of the new contract is conflicting, and if an issue be asked, it is error to refuse the issue.    18 Gratt. 231; 4 W. Va. 611; 8 W. Va. 95.

· *Howard* and *Simpson* and *Smith & Knight,* for appellees, cited:   16 W. Va. 874; 11 W. Va. 555; 10 Leigh 481; 67 N. Y. 162; 4 Rand. 406; 1 Johns. Chy. 13; 3 Ohio 17; 4 Ohio 373; 14 Am. Rep. 352; 103 U. S. 238.

SNYDER, JUDGE, announced the opinion of the Court:

In consideration of lands in Mason county conveyed by William Langley and others to G. W. Craig, the said Craig executed to said Langley and others his four bonds, each for one thousand dollars, dated June 7, 1851, and payable four years after date.   When said bonds became due, on the 7th June, 1855, John McCulloch, at the request of said Craig, paid to the holders thereof four thousand dollars and said bonds were delivered to him.   McCulloch being then the owner of said bonds, Craig on the 7th June, 1856, paid to him one hundred dollars and executed to him his note of that date for one hundred and forty dollars, these two sums being the interest on said four thousand dollars from June 7, 1855, to June 7, 1856; and June 7, 1857, said Craig executed to said McCulloch another bond for two hundred and forty dollars, being the interest on said four thousand dollars from June 7, 1856, to June 7, 1857.   McCulloch, also, made loans to Craig as follows:   September 6, 1859, six hundred dollars, September 20, 1859, three hundred dollars, January 1, 1860, three hundred dollars, and February 1, 1862, three hundred and thirty-three dollars, for which several sums Craig gave him his notes.   June 7, 1862, a settlement was made between McCulloch and Craig.   A statement showing the items of said settlement is filed in the cause by Craig and is as follows:

| | |
|---|---:|
| Amount of four bonds | $4,000.00 |
| Interest on the four bonds from June 7, 1858 | 960.00 |
| Amount of bond dated June 7, 1857 | 240.00 |
| Interest to June 7, 1862 | 72.00 |
| Amount of bond dated September 6, 1859 | 600.00 |
| Interest to June 7, 1862 | 99.10 |
| Amount of bond dated to June 7, 1856 | 140.00 |
| Interest to June 7, 1862 | 50.40 |
| Amount of bond dated September 20, 1859 | 300.00 |
| Interest to June 7, 1862 | 48.85 |
| Amount of bond dated January 1, 1860 | 300.00 |

Interest to June 7, 1862 ........................     43.85
Amount of bond dated February 1, 1862........·     333.00
Interest to June 7, 1862.........................     7.01

$7,194.21

For this aggregate of seven thousand one hundred and ninety-four dollars and twenty-one cents Craig executed to McCulloch his bond, dated June 7, 1862, payable two years after date, with interest from date payable annually; and by deed of same date Craig and wife conveyed to J. H. Couch, trustee, a tract of 1134 acres of land, lying in Mason county, in trust to secure the payment of said bond.

On June 7, 1865, Craig gave his note to McCulloch for one thousand two hundred and ninety-four dollars and ninety-five cents, that being the interest on said seven thousand one hundred and ninety-four dollars and twenty-one cents from June 7, 1862, to that date, and on June 7, 1867, he gave him another note for one thousand and eighteen dollars and sixty-nine cents, being the interest on said seven thousand one hundred and ninety-four dollars and twenty-one cents and one thousand two hundred and ninety-four dollars and ninety-five cents from June 7, 1865, to that date. All the interest included in said notes was calculated at the rate of six per cent. On June 7, 1870, another settlement was had between the parties in which the interest was computed on the aforesaid bond of seven thousand one hundred and ninety-four dollars and twenty-one cents and notes of one thousand two hundred and ninety-four dollars and ninety-five cents and one thousand and eighteen dollars and sixty-nine cents from June 7, 1867, to June 7, 1870, at the rate of six per cent, and then added to the principal of said two notes, making an aggregate of four thousand and twenty-five dollars and five cents as of said date. Of this sum Craig paid twenty-five dollars and five cents and gave his note to McCulloch for four thousand dollars, the residue, dated June 7, 1870, and payable one year after date with interest from date. And the said Craig and wife by deed of even date with said note conveyed to J. H. Couch, trustee, 692½ acres of land, part of the aforesaid 1134 acres, and also 70 acres, in trust to secure the payment of said

four thousand dollars. Craig paid the interest on said two debts of seven thousand one hundred and ninety-four dollars and twenty-one cents and four thousand dollars, from June 7, 1870, to June 7, 1872, and the whole of said debts with the interest thereon from the latter date remaining unpaid. J. H. Couch, the trustee in each of the aforesaid trust deeds, by direction of the creditor, McCulloch, on the 30th March, 1881, advertised the lands conveyed by said deeds to be sold, on April 26, 1881, to pay said debts.

On the twenty-third day of April, 1881, the said Craig exhibited his bill to the circuit court of Mason county against the said John McCulloch and J. H. Couch, trustee, and obtained from the judge of said court an order of injunction inhibiting and enjoining the said defendants from selling said lands under said trust deeds. The ground alleged by the plaintiff for said injunction is, that, after said lands had been advertised, John A. and Charles McCulloch, sons of the defendant, John McCulloch, had verbally agreed that if the plaintiff would remove a certain judgment lien then existing on the lands in the aforesaid trust deeds conveyed, in favor of R. Alexander and renew said debts and execute a new trust deed, his wife uniting therein, to secure said debts, that the time for the payment of said debts should be extended five years upon his paying the interest thereon annually, which agreement was assented to by him; and that relying upon the same he obtained said release of the lien of said judgment and is ready and willing to execute said agreement in all respects.

The defendant, McCulloch, answered said bill denying generally and specifically that any such agreement, contract or arrangment had ever been made with the plaintiff by him or by his authority. Depositions were taken by the plaintiff and said defendant in support of said bill and answer, and on the 18th day of May, 1881, the judge of said court dissolved said injunction. The plaintiff then filed an amended bill upon which the judge of the eighth judicial circuit granted, on the 9th day of June, 1881, another injunction. The ground alleged for the injunction in said amended bill is, that the debts secured in the trust deeds aforesaid are renewals of prior debts, and that in computing

H - 9 2/8

S - 2 5/8

W - 6 3/8

the interest on said prior debts compound interest was charged and included in said trust debts and that said debts are usurious. The defendant, McCulloch, also, answered this bill denying that there was any usury or illegality in either of said debts. Additional depositions were taken by the parties. The said defendant gave notice that on July 1, 1881, he would move the judge of said court to dissolve said injunction. On the said day the parties appeared before said judge, and the plaintiff then filed his affidavit in which he states that the defendant, J. H. Couch, trustee, by direction of the defendant, McCulloch, had, after the injunction had been granted, enjoining the defendants from "selling or offering for sale" the lands in said bill mentioned, added to the advertisement of the sale, theretofore posted, the words: "The above sale postponed to the 5th day of July, 1881," thereby offering said lands for sale in violation of said injunction and in contempt of the court, and moved that the defendants should not be heard in the cause until they had purged themselves of the said contempt. The judge having read and considered said affidavit, decided, "that the facts and circumstances contained therein do not constitute a contempt," and overruled said motion. The plaintiff then moved the judge to direct an issue to be tried by a jury to ascertain whether the agreement set up in the plaintiff's original bill had in fact been made, which motion the judge also overruled, and thereupon on motion of the defendants dissolved the said injunction. From this order the plaintiff has appealed to this court.

*First*—The appellant insists, that the defendants were in contempt and should not have been heard without having first purged themselves.

A reference to the facts hereinbefore stated will show, that the judge, against whose order the alleged contempt was committed, has expressly decided, that no contempt had been committed. This action is conclusive. Proceedings for the punishment of contempt are in their nature criminal, and while an appeal to this Court lies in cases of conviction, no appeal lies from an acquittal. And, moreover, the power of a court or judge to punish for contempt is arbitrary and discretionary with the court or judge against whom, or

whose orders, the offence has been committed. Code chapter 160 §4.. And the judge in this case having heard the parties and decided that no offence had been committed, this Court has no jurisdiction to review that decision. *Ex parte Burtis* 13 Otto 238; *Mason v. H. F. Bridge Co.*, 16 W. Va. 874.

*Second*—The appellant claims, that the debts enjoined are usurious and inequitable.

It is not contended, that this proposition is founded upon any mistake in the calculations, or that interest was computed on any part of the debts at a greater rate than six per cent, and the facts clearly show that such was not the case. But it is claimed that, because notes were taken, successively, for the interest which had before the taking of such notes accrued on the original loans from the defendant, McCulloch, to the plaintiff, and that in subsequent settlements between the parties interest on such notes was computed and made part of the consideration of the two debts of seven thousand one hundred and ninety-four dollars and twenty-one cents and four thousand dollars in the aforesaid trust deeds secured, that thereby said two debts are made usurious and inequitable. Is this usury?

When by the terms of an obligation interest is payable at stated periods, interest upon interest from the time it becomes due, only gives the creditor the usual equivalent for the non-payment of the interest at the time agreed upon; and an agreement to pay such interest simply secures to the creditor that remuneration which he could obtain by collecting such interest and loaning it to another party. In some States a recovery may be had of interest upon interest under such circumstances without a special contract to that effect. *Scott v. Safford*, 37 Ga. 384; *Dow v. Drew*, 3 N. H. 40; *Hill v. Meeker*, 23 Conn. 592. With us this is not allowed. But it is definitely settled in Virginia and this State, that an agreement to pay interest upon interest is valid if made after the interest which is to bear interest has become due. *Genin v. Ingersoll*, 11 W. Va. 549; *Pindall v. Bank of Marietta*, 10 Leigh 481; *Childers v. Deane*, 4 Rand. 406; *Fultz v. Davis*, 26 Gratt. 903-911.

This rule of law is, we think, sound and reasonable. Money due for interest is as justly and fairly due as for any

other consideration, and an agreement to pay interest upon it, made after it is due, can not be regarded as unreasonable or inequitable. When the interest has become due, it is a debt which the creditor has a right to collect, and an action lies to recover it although the debt on which said interest accrued may not then be due—*Greenleaf* v. *Kellogg*, 2 Mass. 568. If instead of paying it, the debtor asks to retain it and pay interest on it as any other debt, there can be no reasonable objection to his being permitted to do so. It is nothing more than an agreement to pay interest for the forbearance of enforcing the collection of a debt then actually due and demandable. The creditor by permitting the debtor to retain it by paying interest, simply gives him the option to retain it upon the same terms and consideration which he could get by collecting it and loaning it to another party. The forbearance and giving time for the payment of money then due is a sufficient consideration to support the agreement—*Young* v. *Hill*, 67 N. Y. 162.

The same reason which justifies the making of such an agreement for converting interest into principal once, will justify the repetition of such agreements from time to time, as often as interest shall become due by the terms of the original contract out of which the interest arises, and the right to make such an agreement is not limited to converting interest into principal once upon the same debt.

We have hereinbefore given a full statement of the facts in this case, and about these facts there is no dispute or controversy so far as the alleged usury is concerned. A reference to these facts will show that no interest was computed or charged on the interest until such interest had become due and payable by the terms of the original obligation and that these notes were from time to time given for the accrued interest, and ultimately the amount of such notes with the interest which had accrued thereon subsequent to their respective dates was, upon settlement, aggregated and included in and made parts of the consideration of the two debts secured in the trust deeds. The plaintiff, instead of paying the interest when it became due as his original contract required, in consideration of the defendant forbearing the collection thereof, gave his notes from time to time for such

interest. This, as we have seen, was neither usurious nor inequitable.

*Third*—It is finally insisted by the appellant, that the judge erred in refusing to direct an issue to be tried by a jury to ascertain if the agreement set up in the original bill and denied in the answer had been in fact made.

There were doubtless many propositions made by the plaintiff, and conversations had between him and the sons of of the defendant, McCulloch, on the subject of the renewal of the trust debts and the extension of the time of payment. But a careful consideration of all the testimony on that subject in this cause satisfies us beyond doubt that McColloch never assented to any of said propositions and that in fact no such agreement was ever made between the parties. The plaintiff is the only witness who attempted to give any of the terms of the alleged agreement, and if all the facts testified to by him are true, they do not, in our opinion, establish any contract or agreement which would entitle him to a specific execution in a court of equity. The terms are not definitely given. There was no consideration or part performance; nor was there any change of circumstances or loss shown, or damages sustained. The only act claimed to have been done by the plaintiff on the faith of said alleged agreement, was the procurement of the release of the lien of the Alexander judgment, and one-half of this seems to have been released without consideration, and he does not pretend that he made any sacrifice or suffered any loss in obtaining this release. It is, therefore, unnecessary to consider the other testimony in the cause, for taking the evidence of the plaintiff in the most favorable aspect, we are clearly of opinion, that he has failed to show that any agreement had been made which could be enforced in a court of equity; and consequently, the judge of the circuit court did not err in refusing to direct an issue. For the foregoing reasons the order of the judge of the circuit court is affirmed with costs and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

ORDER AFFIRMED.