CASE 38—INDICTMENT AGAINST J. SIDNEY LYNCH, JAILER OF ESTILL COUNTY, FOR WILFUL NEGLECT IN THE DISCHARGE OF HIS OFFICIAL DUTY.—APRIL 17.          .

# Lynch v. Commonwealth.

APPEAL FROM ESTILL CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

JAILER—PERMITTING PRISONER TO GO AT LARGE—INSTRUCTIONS.

Held: 1. Kentucky Statutes, section 3748, which provides that jailers shall be subject to indictment "for misfeasance and malfeasance in office, willful neglect in the discharge of official duties," makes an intent on the part of the jailer to do wrong an essential ingredient of the offense.

2. Under Kentucky Statutes, section 1339, declaring that if any jailer "negligently suffer or permit any person, convicted or charged with a public offense, to escape," he shall be fined or imprisoned, or both, the jailer may be convicted, though he had no intent to permit the escape.

3. A prisoner committed to the custody of defendant, as jailer, for one hundred days, asked leave to go home to his family, a member of which was sick. The jailer refused unless the consent of the county judge was obtained. On application made, the judge consented, whereupon the prisoner was permitted to go home one day each week during his term; the time of his absence being deducted therefrom. HELD that, as the offense of

the jailer appeared to be due to ignorance, the jury should have been instructed under section 1339, as well as under section 3748.

RIDDELL & RIDDELL, FOR APPELLANT.

C. J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR COMMONWEALTH.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, J. Sidney Lynch, jailer of Estill county, was indicted for "willful neglect in the discharge of his official duty," and was by the verdict of a jury found guilty and his fine fixed at $100, and, in the judgment rendered pursuant thereto, his office as jailer of Estill county was adjudged vacant, and he has appealed to this court.

The indictment charges that "the appellant, while acting as jailer of Estill county, did unlawfully and willfully and corruptly allow William Bellis, who was at that time confined in jail on a fine from the Estill circuit court, to go to his home and such other places as said Bellis desired, and unlawfully, willfully, corruptly refused to keep the said Bellis confined in jail under said judgment, when it was the duty of said defendant, Lynch, as jailer aforesaid, to keep the said Bellis confined in jail." It appears from the testimony that Bellis had been committed to the custody of the appellant, as jailer of Estill county, under an order of the Estill circuit court, to remain in confinement for 100 days; that during his confinement a member of his family became sick, and that he asked appellant to allow him to go home to see his family, but that appellant refused his request, but agreed that, if the county judge would consent, he would permit him to do so, and that, upon application to him, the county judge consented for the jailer to permit him to do so, and that he subsequently went·

home every Saturday afternoon during his term of imprisonment, returning on Sunday afternoon; that he remained in jail the full number of days required by the judgment, the time he was absent therefrom being deducted, and he otherwise performed the sentence of the circuit court.

It was the defendant's duty, as jailer of Estill county, to receive and keep all persons in the jail, lawfully committed thereto, until they were lawfully released. See section 2226 of the Kentucky Statutes. And it was a violation of his official duty for him to have permitted a prisoner committed to jail to have left for any purpose at the direction of the county judge, who had no authority in the premises. Section 3748 of the Kentucky Statutes provides: "Judges of the county court, justices of the peace, sheriffs, coroners, surveyors, jailers, assessors, county attorneys, constables, shall be subject to indictment in the county in which they reside for misfeasance and malfeasance in office, willful neglect in the discharge of official duties, and upon conviction shall be fined in any sum not less than one hundred nor more than one thousand dollars, and upon such conviction the office held by such person shall become vacant, and the judgment of conviction shall so recite." And section 1339 of the Kentucky Statutes provides that: "If any jailer, officer or guard, negligently suffer or permit any person, convicted of or charged with a public offense, to escape, . . . he shall be fined not less than $100.00, nor more than $500.00, or confined in the county jail not less than one nor more than six months, or both." Whilst the indictment and instruction in this case were drawn under section 3748 of the Kentucky Statutes, it is evident that the averments of the indictment are sufficiently broad to have authorized an instruction submit-

ting to the jury the question of defendant's guilt under section 1339 as well. Section 3748 looks to the punishment of a public official for willful neglect in the discharge of his official duties, and, to constitute this crime, an intention on the part of the officer to do a wrong is one of the fundamental and essential ingredients. The act must be done by the officer *malo animo*, and not through mere ignorance, inadvertence, or mistake. See Hawk, P. C., 254, and Bishop's New Criminal Law, c. 35. Whilst section 1339 provides a punishment for mere negligence in the discharge of official duty, in permitting a prisoner convicted of a public offense to escape, either wholly or partially, the penalty is denounced by the judgment of conviction. To constitute this offense, it is not necessary that the officer should have designed or intended that the prisoner committed to his care should escape or evade, either in whole or in part, the judgment of conviction. The two sections quoted supra clearly illustrate the difference in character of these two offenses by a public official, and provide a different punishment. If a public officer willfully or intentionally disregards a duty imposed upon him by law, in addition to the fine imposed by the statute he forfeits his office. But if the act is only one of mere negligence, ignorance, or inadvertence, a less severe punishment is imposed. The testimony does not show a willful disregard of official duty by appellant. Undoubtedly he violated the law in permitting Bellis to leave the jail for any purpose, but his conduct seems to have been due to ignorance, and the belief that the county judge had authority to control him in the matter. But his ignorance of the law was due to his own negligence, and does not excuse the offense; but it seems to us to be covered by section 1339 of the Kentucky Statutes, instead of section 3748 and the jury should have

been instructed under this section, as well as under section 3748.

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

---

CASE 39—ACTION BY D. R. ALLEN AGAINST GUS G. COULTER AND ANOTHER, IN WHICH T. F. HALLAM WAS IMPLEADED, INVOLVING THE RIGHT TO FEES ALLOWED TO ATTORNEYS IN THE CONTEST CASE BETWEEN D. R. ALLEN AND W. H. COLLOPY FOR A SEAT IN THE LEGISLATURE.—APRIL 21.