CASE 85.—PROCEEDINGS BY COMMONWEALTH AGAINST MARGARETTA RICHARDSON, AN ALLEGED IN-SANE PERSON, IN WHICH A. M. BAKER AND OTHERS WERE REQUIRED TO SHOW CAUSE WHY THEY SHOULD NOT BE PUNISHED FOR CON-TEMPT OF COURT.—February 16, 1910.

## Commonwealth v. Richardson

Appeal from Scott Circuit Court.

R. L. STOUT, Circuit Judge.

From a judgment sustaining a demurrer to a rule to show cause the Commonwealth appeals.—Dis missed.

Contempt — Appeal — Decisions Reviewable.—The Court of Appeals in contempt proceedings can only determine whether the punishment inflicted was illegally imposed or excessive, and where the parties were adjudged not guilty, and the commonwealth appealed, no review of the case can be had.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, and ROBERT FRANKLIN for the Commonwealth.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-MISSIONER.

On October 7, 1909, a warrant of arrest was issued by the Scott circuit court directed to the sheriff of Fayette county, and commanding him to arrest Mrs. Margaret A. Richardson and bring her forthwith before the Scott circuit court that inquiry might there be made into the state of her mind. The warrant reached the hands of the sheriff of Fayette

county the same day.   On October 8, 1909, he returned the warrant of arrest with the following indorsement thereon:   "The within warrant came to hand at 11:30 a. m. October 7th, 1909, and on the same day at 1:15 p. m. I went to the house of Mrs. A. G. Leggett on West Fourth street in Lexington, Kentucky, the place where Mrs. Maggie A. Richardson was found by me on October 5, 1909, and where she claimed to be staying on October 6, 1909, but said Mrs. Maggie A. Richardson was not found there and after diligent search she was not found in my county. The said Mrs. A. G. Leggett, with whom said Mrs. Richardson has been staying since her release from the asylum, refused to give me any information as to her whereabouts, claiming that she did not know. This October 8, 1909.   John McElroy, Sheriff, by C. W. Siebrecht, D. S.."   Upon the above return in the Scott circuit court the commonwealth's attorney filed the affidavits of W. A. Richardson, C. E. Richardson, and J. W. Coyle, and upon motion of the commonwealth a rule was awarded against A. M. Baker, J. H. Minogue, J. A. Edge, attorneys of Lexington, Ky., and also against Mrs. A. G. Leggett, of Lexington, returnable to the courthouse at Georgetown, Ky., on October 9, 1909, to show cause, if any, why they should not be punished for contempt of court for their connection with, or assistance in removing or concealment of, or advising or counseling in the removal or concealment of, Mrs. Margaret A. Richardson, so as to prevent the officer from bringing her before the court.   Service was had upon each of the parties against whom the rule was directed.   The parties appeared in obedience thereto. Each demurred to the rule and the amendments thereto.   They also filed responses, together with

certain exhibits and affidavits, the allegations of
which it will be unnecessary to set forth. On Octo
ber 18, 1909, the Scott Circuit court sustained the
demurrer of the respondents to the rule and the
amendments thereto. Thereupon the rule and amend-
ments were dismissed and the respondents dis-
charged. The commonwealth excepted to the action
of the court is sustaining the demurrer of the respon-
dents, and from the action of the court in dismissing
the proceedings for contempt prosecutes this appeal.
Thus it will be seen that the sole question involved
on this appeal is whether or not in contempt pro-
ceedings this court has the power upon appeal by the
commonwealth to review the action of the trial court
in holding that no contempt has been committed.

In the case of Bickley v. Commonwealth, 2 J. J.
Marsh, 572, it was held that although this court
could not and ought not retry a question of contempt
or no contempt and had no jurisdiction for that pur-
pose, still it had the power to revise and correct erro-
neous and illegal sentences or judgments pronounced
against the parties charged with contempt. The above
rule was approved by this court in the later case of
City of Newport v. Newport Light Co., 92 Ky. 450, 17
S. W. 435, 13 Ky. Law Rep. 532.

In the recent case of French v. Commonwealth, 97
S. W. 427, 30 Ky. Law Rep. 98, this court in an ex-
haustive opinion, reviewed the whole question of ap-
peals in contempt proceedings. There, it is true, the
right of the party convicted of contempt was alone
involved. After setting forth numerous sections of
the statutes and Code and citing many cases bearing
upon the question under consideration, this court an-
nounced the following doctrine: "We think there-
fore, that the rule prevailing in this state permits

us to entertain the appeal in the case at bar, not for the purpose of retrying the question of whether appellant is, or is not, guilty of the contempt charged, but to determine whether the punishment declared by the judgment complained of was illegally imposed and whether such punishment is excessive as claimed.''

Our conclusion is that the rule above announced applies alike to the commonwealth and to the defendant in contempt proceedings. In the case under consideration the court held that the defendants were not guilty of contempt, and of course, no punishment of any kind was inflicted upon them. If this court had the right of review in such a case, the only question it could determine would be whether or not a contempt had been committed. Not having authority to review this question, it follows that no appeal will lie in the absence of a statute giving the right of appeal. Nor can we see any good reason why the commonwealth should have a right of appeal. Trial courts may be relied upon to protect their own dignity and to see that their processes are not obstructed. It would be a novel doctrine, indeed, for this court to hold that it had the power to declare an act to be in contempt of court which the court, itself after a full hearing, determined not to be contempt.

Being of the opinion that the commonwealth had no right of appeal in this case, this appeal is dismissed.