**UNITED STATES ex rel. WEST VIRGINIA–PITTSBURGH COAL CO. v. BITTNER et al. (two cases).**

(Circuit Court of Appeals, Fourth Circuit. January 23, 1926.)

Nos. 2431, 2432.

1. **Contempt ⬅66(1½)—Jurisdiction of court to review contempt proceedings, depending on whether they are civil or criminal, can be disposed of by motion to dismiss.**

Whether contempt proceedings are civil or criminal as affects jurisdiction of court to review decision for defendants can be appropriately disposed of by motion to dismiss writ of error.

2. **Contempt ⬅40—Civil contempt proceedings are between original parties, whereas criminal contempt proceedings are between public and defendants and not part of original cause.**

Civil contempt proceedings arise between original parties and are treated as part of main cause, while criminal contempt proceedings are between public and defendants and are not part of original cause.

3. **Contempt ⬅40, 66(4)—Proceedings held criminal contempt proceedings wherein no appeal lay from decision exonerating defendants.**

Contempt proceedings, instituted in name of United States on the relation, of a coal company, entitled "criminal contempt proceedings," and which petitioners prayed should be entered as a charge of criminal contempt on criminal

docket, *held* criminal contempt proceedings wherein no appeal lay from decision exonerating defendants.

**4. Contempt ☞66(4)—Rule denying appeal from judgment for defendants in criminal cases applies in criminal contempt cases, notwithstanding statute (Criminal Appeals Act, March 2, 1907 [Comp. St. § 1704]).**

Rule denying appeal from judgment for defendants in criminal case applies to criminal contempts, nor does Criminal Appeals Act March 2, 1907 (Comp. St. § 1704), afford authority for appeal in such cases.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

Two criminal contempt proceedings by the United States, on the relation of the West Virginia-Pittsburgh Coal Company, against Van A. Bittner and others. To review an order exonerating defendants, relator brings error. On motions to dismiss. Writs of error dismissed.

J. M. Ritz and John A. Howard, both of Wheeling, W. Va. (Wm. C. Howard, of Wheeling, W. Va., on the brief), for plaintiff in error.

Henry Warrum, of Indianapolis, Ind. (T. C. Townsend, of Charleston, W. Va., John D. Gardner, of Steubenville, Ohio, and W. J. Walker, of St. Clairsville, Ohio, on the brief), for defendants in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

WADDILL, Circuit Judge. These two proceedings, involving questions of contempt of court, respectively set forth in the petitions in each cause, will be considered together, as they depend upon substantially the same facts, and were so heard in the District Court. The proceedings were instituted on the 21st day of April, 1925, the first named No. 2431, entitled "United States of America ex rel. West Virginia-Pittsburgh Coal Company, a Corporation Organized under and by Virtue of the Laws of West Virginia, Having Its Principal Office at Wellsburg in the Northern District of said State, Plaintiff, v. John L. Lewis, Philip Murray, Van A. Bittner, Lee Hall, William Roy, G. W. Savage, Frank Ledvinka, John Cinque, W. T. Roberts, Joseph Angelo, Pearl Dooley, Harvey Lafollette, Tony Corrodi, Robert Corrodi, Angelo Nude, William Vernon, and Pete Coffaro, Defendants, Criminal Contempt Proceeding, No. 8017," and the second, No. 2432, entitled "United States of America ex rel. West Virginia-Pittsburgh

Coal Company, a Corporation Organized under and by Virtue of the Laws of West Virginia, Having Its Principal Office at Wellsburg, in the Northern District of said State, Plaintiff, v. John L. Lewis, Philip Murray, Van A. Bittner, Lee Hall, William Roy, G. W. Savage, Frand Ledvinka, John Cinque, W. T. Roberts, Joseph Angelo, W. T. Martin, Andy Swartz, David Stephens, Lou Vandine, and Homer Colley, Defendants, Criminal Contempt Proceeding, No. 8019."

The petitions each set out that the several defendants therein were, and had been, guilty of contempt of court in violating, with many persons and corporations, and in many ways, elaborately set forth in said petitions, the provisions of an order of injunction entered on July 10, 1923, by the United States District Court for the Northern District of West Virginia, in a cause pending in said court entitled West Virginia-Pittsburgh Coal Company, a Corporation, et cetera, v. Jno. P. White and Others. Upon the presentation of said petitions, on the 21st and 24th of April, 1925, respectively, the District Court duly entered its decrees directing the issue of attachments against each of the defendants requiring them to show cause on the 26th of April, 1925, why they should not be adjudged guilty of contempt of court in disobeying its lawful decree as complained of. The defendants promptly replied, denied the violation of the orders in question, and averred that they had not been guilty of contempt of court as charged.

The cause was heard upon petitions, answers, replications, and exhibits filed, and the appearance of sundry defendants in person as well as by counsel, and the court, on the 2d of June, 1925, decreed as follows:

"United States of America ex rel. West Virginia-Pittsburgh Coal Co., a Corporation, etc., Plaintiff, v. John L. Lewis et al., Defendants. Criminal Contempt Proceeding, No. 8017. * * * The court is of the opinion, for the reasons given in a written opinion filed on the 8th day of May, 1925, and here made a part of the record, and also for the reasons given in the first paragraph of a memorandum of opinion filed May 16, 1925, which first paragraph is also hereby made a part of the record, and also for the reasons given in another memorandum of opinion this day handed down, which is also made a part of the record, that the said responses of the said defendants have sufficiently purged them of the contempt charged in the relator's petition, it is there-

fore further adjudged, ordered and decreed that the said petition be dismissed and that the said defendants be discharged, to all of which the relator objects and excepts.

"It is further considered by the court that the relator, the West Virginia-Pittsburgh Coal Company, be required to pay the costs of the prosecution of said petition for contempt, but that the defendants do not recover of the said West Virginia-Pittsburgh Coal Company their costs in said proceeding."

From the entry of this order writs of error were sued out, and are now under review herein.

[1] The first question requiring our consideration is the motion made by the defendants in each case to dismiss the writs of error because, the decision of the lower court having resulted in the acquittal of the defendants, such action could not be made the subject of review by this court. The determination of this question depends upon whether the contempt proceedings are civil or criminal. If the latter, then defendants' motion to dismiss should be sustained, as the same brings into question the jurisdiction of the court, and can appropriately be disposed of by motion to dismiss.

[2] Just when a contempt proceeding may be termed a criminal contempt, or a civil contempt, is not always easily determined, as the same decree sometimes may possess the characteristics of both. In re Merchants' Stock & Grain Co., 32 S. Ct. 339, 223 U. S. 639, 56 L. Ed. 584; Union Tool Co. v. Wilson, 42 S. Ct. 427, 259 U. S. 107–110, 66 L. Ed. 848. Proceedings for civil contempt arise between the original parties and are instituted and treated as a part of the main cause, while proceedings at law for criminal contempt are between the public and the defendant, and are not a part of the original cause. Gompers v. Buck's Stove & Range Co., 31 S. Ct. 492, 221 U. S. 418, 441, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

[3] In these cases the writs of error were sued out on a judgment in a criminal contempt proceeding. It was so characterized by the petitioners in their original petition, namely, "United States of America ex rel. West Virginia-Pittsburgh Coal Company, a Corporation Organized under and by Virtue of the Laws of West Virginia, v. John L. Lewis et al.," entitled "Criminal Contempt Proceeding, No. 8017," and a like designation of the title in the second cause, "Criminal Contempt Proceeding, No. 8019," and the prayers of the petitions, respectively were: "Your petitioner prays that this petition be entered as a charge of criminal contempt on the criminal docket of this court, and be proceeded in as such criminal contempt proceeding according to the laws of the United States applicable to the class of criminal contempts to which the kind of contempt charged in this petition properly belongs." While this prayer of the petitions would seem to be determinative of the character of the contempt, the court, in awarding the attachments prayed for, in terms directed the defendants "to answer to the United States of America for certain trespasses and contempts brought against them in our court before us, and have then and there this writ," etc., and the court, in its opinion of the 8th of May, 1925, as well as in its opinion and final order in the case of the 2d of June, 1925, adjudging the defendants to be purged of contempt and dismissing the same at the cost of the West Virginia-Pittsburgh Coal Company, in terms found the same to be a criminal contempt.

[4] Treating the proceedings as for criminal contempts, there is no jurisdiction in this court to review the action and conclusion of the lower court exonerating the defendants from such contempts and dismissing the proceedings, for the reason that no appeal lies from the judgment in favor of the defendants in a criminal case, and this applies to criminal contempts as well as to other criminal cases. United States v. Sanges, 12 S. Ct. 609, 144 U. S. 310, 312, 36 L. Ed. 445; Craig v. McCulloch, 20 W. Va. 148; Commonwealth v. Richardson, 125 S. W. 147, 136 Ky. 699; Rapalge on Contempts, § 146. It may be said in this connection that the Criminal Appeals Act of March 2, 1907, chapter 2564, 34 Stat. L. 1246 (Comp. St. § 1704), affords no authority for appeal in this class of cases.

The motions to dismiss will be granted, and the writ of error sued out in each case dismissed at the cost of the plaintiff in error, the West Virginia-Pittsburgh Coal Company, a corporation.

Writs of error dismissed.

ROSE, Circuit Judge (concurring). I agree that while the defendant to a charge of criminal contempt may sue out a writ of error, no one else may. In the instant case, it may be worth while also to point out that from the standpoint of the law, no one other than the government is aggrieved by the acquittal of one accused of such contempt, and therefore it alone has any right to complain of such action. The United States has taken no part in these proceedings.

I also agree that the act of 1907 mentioned in the opinion of the court affords no support to these writs of error. Under that statute, the United States alone can sue out a writ of error, and the right of review it gives is still vested in the Supreme Court exclusively. Act of February 13, 1925 (43 Stat. 938 [Comp. St. Supp. 1925, § 1215]).