## Commonwealth v. Reece et al.

May 11, 1943.

Hubert Meredith, Attorney General, and J. B. Johnson for appellant.

Tuggle & Tuggle and J. M. Luker for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The Commonwealth has filed a motion entitled "Motion for an appeal and certification of the law," in an action where the judgment directed, among other things, that Ben Reece, John D. Martin, former jailer of Knox County, and Earl Dizney, present jailer of Knox County, were not guilty of contempt of court, and that Ben Reece

be given credit for 55 days spent in jail, when in fact those 55 days were spent at the home of John D. Martin, about two miles from the county jail.

The case of Commonwealth v. Richardson, 136 Ky. 699, 125 S. W. 147, 148, disposes of the question as to whether the Commonwealth may appeal from the part of the judgment holding that the appellees were not guilty of contempt. It was said in that case:

"* * * It would be a novel doctrine, indeed, for this court to hold that it had the power to declare an act to be in contempt of court which the court, itself, after a full hearing, determined not to be contempt."

Upon his second trial Ben Reece was found guilty under a charge of malicious striking and wounding with a deadly weapon, and his punishment fixed at a $300 fine and six months in the county jail. Since the complaint of the Commonwealth to the effect that Reece was given credit for 55 days in jail to which he was not entitled (which would amount to $110 credit on his fine) grew out of the judgment on his misdemeanor conviction, we deem it only proper to take jurisdiction of the case and grant the appeal for the reasons hereinafter stated. Section 347 of the Criminal Code of Practice.

On March 31, 1941, the last day of the term of court at which he was convicted, Reece withdrew his motion and grounds for a new trial and surrendered himself to the custody of the then jailer, John D. Martin. On March 13, 1942, the Commonwealth filed a motion for a rule against Reece, Martin and Dizney, to show cause why they should not be punished for contempt of court and for the purpose of determining how much time Reece had actually spent in jail. This motion was sustained. During the progress of the hearing on the motion it developed that no judgment had been entered on the verdict finding Reece guilty. Thereupon the Commonwealth moved for a judgment nunc pro tunc, and the court properly sustained the motion and entered the judgment requested. It developed on the hearing that 361 days would have been required for Reece to satisfy the jail sentence, fine and costs. The court properly deducted some 17 days while Reece was out of jail working for pay in the daytime, but spending the nights in jail. No question is raised as to certain other adjustments, the sole conten-

tion being, as we have noted heretofore, that Reece was not entitled to 55 days' credit for the time he spent at the home of John D. Martin. It may be noted that Reece said that he worked about the premises where Martin made his home. He contends he was in Martin's custody all of the time.

The nunc pro tunc judgment properly directed that the Commonwealth recover of Reece the sum of $300 and that he be confined in the county jail of Knox County for a period of six months and that the Commonwealth recover all of its costs. Among other things KRS 71.040 provides:

> "The jailer shall receive and keep in the jail all persons who are lawfully committed thereto, until they are lawfully discharged. * * *"

The wording of the aforementioned statute is clear and unambiguous. It directs that the jailer shall receive and keep in the jail all persons who are lawfully committed thereto until they are lawfully discharged. The nunc pro tunc judgment directed that Reece be kept in the jail. As a matter of fact, even though there was no judgment entered at the time of his conviction (apparently through error or oversight), he surrendered himself to the jailer on the day he withdrew his motion and grounds for a new trial. After the nunc pro tunc judgment was entered, the question naturally arose as to how many days Reece had spent in jail. As we have indicated, he was entitled to credit for only the days he actually spent in the jail. In the case of Lynch v. Commonwealth, 115 Ky. 309, 73 S. W. 745, it was said a jailer violated his official duties when he permitted a prisoner committed to jail to go home one day each week, even though this was not done until consented to by the county judge. See, also, the case of Commonwealth v. Smith, 274 Ky. 202, 118 S. W. (2d) 538, an original proceeding in this Court, wherein it was held that the judgment of imprisonment was not satisfied where the defendant surrendered himself to the jailer, though the jailer had no mittimus or other authority to imprison him, and where, after two days spent in jail, the jailer permitted the defendant, who became ill, to spend the rest of the period of his imprisonment in a hotel. It is apparent, therefore, that we are of the view that it was error for the trial judge to allow Reece credit for the 55 days he spent at the home of the former jailer, John D. Martin.

Judgment reversed with directions to set it aside, and for the entry of a judgment in conformity with this opinion.