*Ex parte* ISAAC HELLER, PETITIONER.

MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS.

No. ——. Original. Submitted April 27, 1909.—Decided May 3, 1909.

Petition for leave to file petition for mandamus to compel the Circuit Court of Appeals to take jurisdiction of a writ of error to the Circuit Court to review an order fining petitioner for contempt denied without opinion.

PETITIONER having been by decree of the Circuit Court of the United States for the Southern District of New York enjoined in an action in which the National Waistband Company was plaintiff from using the trade-mark "Excelsior" and also from stamping waistbands "Extension" and "Waistband" in a certain manner, was adjudged by the same court to be in contempt for violating the terms of the decree and fined $500. To this order in contempt petitioner sued out a writ of error from the Circuit Court of Appeals of the Second Circuit which was dismissed with the following opinion:

"It is well settled that when an order imposing a fine for violation of an injunction is substantially one to reimburse the party injured by the disobedience, it is to be reviewed only by appeal. Writ of error will lie only when the fine is clearly punitive and in vindication of the authority of the court, as is the case where the fine is made payable in whole or in part to the United States. *Matter of Christensen Eng. Co.,* 194 U. S. 458. The writ of error is dismissed; defendant's remedy is by appeal."

A motion for rehearing was denied, with the following opinion:

"We see no reason to order a rehearing, nor to certify the questions to the Supreme Court. The decisions in *Bessette* v. *W. B. Conkey Co.*, 194 U. S. 334; and *Matter of Christensen Eng. Co.*, 194 U. S. 458, cover the case now presented. The decision of the Circuit Court of Appeals in the First Circuit (*Wilson* v. *Colculagraph Co.*, 163 Fed. Rep. 901), indicates that this order at the heel of the final decree might be reviewed by appeal."

Whereupon petitioner, asserting that the order of the Circuit Court is, notwithstanding such opinions, reviewable only by writ of error, applied to this court for a writ of mandamus to compel the Circuit Court of Appeals to take jurisdiction thereof and decide the same.

*Mr. Abraham A. Berman* for petitioner.

*Mr. Arthur v. Briesen* submitted a brief for the respondent, contending that a contempt order in an equity suit is not reviewable by writ of error if the fine be purely compensatory and not penal in its nature, as such orders are only reviewable, if at all, by appeal.

*Per Curiam:* Motion for leave to file petition for a writ of mandamus denied.