# IN RE MERCHANTS' STOCK AND GRAIN COMPANY ET AL., PETITIONERS.

## PETITION FOR WRIT OF MANDAMUS.

No. 10, Original. Submitted December 11, 1911.—Decided March 4, 1912.

Where the Circuit Court enters an order requiring a party violating an injunction order to pay a fine of which three-fourths is to go to the complainant as compensation for expenses incurred in prosecuting the contempt proceedings, and one-fourth to the United States, the punitive feature of the order is dominant and fixes its character for purposes of review.

An order adjudging a party in contempt for violating an injunction is remedial when its purpose is to indemnify the injured suitor, or coercively to secure obedience to a mandate in his behalf, and is punitive when its purpose is to vindicate the authority of the court. *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418.

Whether contempt proceedings at the instance of the injured party, resulting in the offending party being adjudged to pay a fine, a part of which goes to the injured suitor and a part to the United States, is erroneous in its entirety or only as to the portion of the fine going to the United States, will not be determined on an application for mandamus to compel the Circuit Court of Appeals to take jurisdiction of an appeal; the court will only determine whether the order is reviewable.

If an order of the Circuit Court, adjudging defendant in contempt and to pay a fine, is remedial, it is interlocutory, and only reviewable upon appeal from the final decree; if, however, the order is punitive, it is final and reviewable on writ of error and the Circuit Court of Appeals should take jurisdiction. *Matter of Christensen Engineering Co.*, 194 U. S. 458.

If the Circuit Court of Appeals refuses to take jurisdiction of a writ of error to review an order of contempt made by the Circuit Court, the punitive feature of which is dominant, the remedy is by writ of mandamus from this court to compel the Circuit Court of Appeals to take jurisdiction.

THE facts are stated in the opinion.

*Mr. Chester H. Krum* and *Mr. Henry S. Priest* for petitioners.

*Mr. Henry S. Robbins* for respondents.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a petition for a writ of mandamus commanding the Circuit Court of Appeals for the Eighth Circuit to reinstate and take jurisdiction of a writ of error dismissed by it. The facts are these: During the pendency, in a Circuit Court of the United States, of a suit in equity to which the petitioners were parties defendant, they were charged by the complainant with having wilfully violated an interlocutory injunction theretofore granted in the suit at the instance and for the benefit of the complainant, and at the hearing upon that complaint were by the court adjudged guilty of contempt of its authority and ordered unconditionally to pay into its registry, within five days, fines of $1,000, $2,000 and $500, respectively, each fine, when paid, to go three-fourths to the complainant, "as compensation in part for the expenses incurred in prosecuting these contempt proceedings," and one-fourth to the United States. With the purpose of securing a review of the order the petitioners sued out a writ of error from the Circuit Court of Appeals, and when the writ came on for hearing that court dismissed it, upon the ground that the order, rightly considered, was remedial, not punitive, and was merely interlocutory and reviewable only upon an appeal from the final decree. 187 Fed. Rep. 398.

We are not now concerned with whether the proceedings resulting in the order were such as to admit of the imposition of punitive, as distinguished from compensatory, fines, or whether, if the proceedings were not of that character, the order was erroneous in its entirety or only

as to so much of the fines as was to go to the United States; and therefore we pass what is said in that connection in the briefs and come at once to the only question presented for decision, which is, whether the order was open to review upon a writ of error. The answer turns upon the character of the order. If it was remedial, it was merely interlocutory and reviewable only upon an appeal from the final decree; but, if it was punitive, it was a final judgment, criminal in its nature, and reviewable upon a writ of error, without awaiting the final decree. Such an order against an offending suitor is deemed remedial when its purpose is to indemnify the injured suitor or coercively to secure obedience to a mandate in his behalf, and is deemed punitive when its purpose is to vindicate the authority of the court by punishing the act of disobedience as a public wrong. As was said in *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418, 441: "It is not the fact of punishment but rather its character and purpose that often serve to distinguish between the two classes of cases." And again, p. 448: "The classification then depends upon the question as to whether the punishment is punitive, in vindication of the court's authority, or whether it is remedial by way of a coercive imprisonment, or a compensatory fine payable to the complainant."

Applications of this test are shown in several adjudged cases in this court, among them being *Worden* v. *Searls*, 121 U. S. 14; *Doyle* v. *London Guarantee Co.*, 204 U. S. 599; *Ex parte Heller*, 214 U. S. 501; *Gompers* v. *Bucks Stove & Range Co.*, supra, and *Matter of Christensen Engineering Co.*, 194 U. S. 458. In the last case the defendant in a suit in equity in a Circuit Court was found guilty of contempt in disobeying an interlocutory injunction and ordered to pay a fine of $1,000, one-half to go to the complainant and the other half to the United States. A writ of error, whereby it was sought to have the order reviewed in the Circuit Court of Appeals for the Second Circuit,

was dismissed by that court for the same reason that was assigned for the dismissal in the present case. A petition for a writ of mandamus, commanding the reinstatement of the writ of error, was then presented to this court and, upon full consideration of the prior cases, was held to be well grounded. In that connection it was said (p. 460):

"These authorities show that when an order imposing a fine for violation of an injunction is substantially one to reimburse the party injured by the disobedience, although called one in a contempt proceeding, it is to be regarded as merely an interlocutory order, and to be reviewed only on appeal from the final decree. In the present case, however, the fine payable to the United States was clearly punitive and in vindication of the authority of the court, and, we think, as such it dominates the proceeding and fixes its character. Considered in that aspect, the writ of error was justified, and the Circuit Court of Appeals should have taken jurisdiction."

That case differs from this only in that the portion of the fine made punitive was there one-half, while here it is one-fourth; but this, in our opinion, does not take this case out of the principle applied in that, which is, that the punitive feature of the order is dominant and fixes its character for purposes of review.

We accordingly hold that the writ of error should be reinstated, and, as it is evident from the return that this will be done on the expression of our opinion, our order will be,

*Petitioners entitled to mandamus.*