### GILL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

#### No. 43.

CONTEMPT ☞66(2)—REVIEW OF ORDER OF COMMITMENT.

An order of a District Court committing a witness to jail for contempt for refusal to answer questions before a grand jury is final, and reviewable on writ of error taken within six months; but an order denying a motion to vacate such order is interlocutory, and not subject to review by writ of error.

In Error to the District Court of the United States for the Southern District of New York.

John Gill brings error to review an order of the District Court denying a motion to vacate an order of commitment for contempt. Dismissed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Santiago P. Cahill, of New York City (S. P. Cahill, of New York City, of counsel), for plaintiff in error.

Francis G. Caffey, U. S. Atty., of New York City, and George Winship Taylor, Asst. U. S. Atty., of Baltimore, Md.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The defendant was committed on July 3, 1918, for contempt of court. On that day he was before a grand jury in the Southern district of New York and declined to answer certain questions which were put to him. He claimed no privilege, but merely refused to answer. He was taken before District Judge Augustus N. Hand, who directed him to be again taken before the grand jury and instructed him to answer the questions. He was accordingly again taken before the grand jury, and he again declined to answer. The grand jury thereupon presented the facts to the court, and the court, finding that he willfully and contumaciously refused to answer and was without any legal excuse therefor, entered an order committing him to the custody of the United States marshal, to be detained in Ludlow Street Jail until he should signify a willingness to answer the questions or otherwise purge himself of the contempt.

That the order committing for contempt was a final order cannot be questioned. Whether an order committing one for contempt is final, or whether it is interlocutory, depends upon its character. If the order is remedial, it is merely interlocutory, and reviewable only upon an appeal from the final decree. If, however, the order is punitive, it is a final judgment, criminal in its nature, and reviewable upon a writ of error without awaiting the final decree. And the order is deemed punitive when its purpose is to vindicate the authority of the court by punishing the act of disobedience as a public wrong. In re Merchants' Stock & Grain Co., 223 U. S. 639, 32 Sup. Ct. 339, 56 L. Ed. 584. And it cannot be questioned that the conduct complained of, being against the dignity and authority of the court and in a criminal proceeding, is a criminal contempt. The Supreme Court holds that judgments in criminal contempt proceedings are reviewable only by writ of error (Grant v. United States, 227 U. S. 74, 33 Sup. Ct. 190, 57 L. Ed. 423), and that judgments in civil contempt proceedings are reviewable by appeal only (In re Merchants' Stock & Grain Co., supra).

The order in question, being a final order, might have been reviewed in this court by writ of error, if the writ had been sued out within six months after the entry of the order. 26 Stat. 829, § 11 (Comp. St. § 1647). Instead of suing out a writ of error within the six months, nothing was done until seven months elapsed, when defendant petitioned the court to enter an order declaring the original order of commitment null and void, on the ground, among others, that it did not recite at length the questions which were put to defendant before the grand jury, and which he refused to answer, so as to show the exact grounds of his alleged contempt. For this reason defendant asked that he be discharged from custody. The court thereupon amended its record nunc pro tunc, and denied the motion to vacate the original

order and to discharge the defendant from custody. Thereupon a writ of error was sued out, bringing here, not the original order, but the decision of the District Court denying the motion to vacate that order.

Judicial Code, § 128 (Comp. St. § 1120) gives appellate jurisdiction only when decisions of the District Courts are final; and the only final decision in this matter was the original order of commitment. The decision of the court denying the motion to vacate is one which may be renewed at any time, and is not final. Therefore it is not subject to review upon writ of error.

While the defendant, if advised by his counsel that his detention in custody is illegal, may have the original proceedings reviewed, he may —not now by writ of error; still by means of a writ of habeas corpus—have the legality of his detention inquired into, and procure his release in case it appears that he is illegally in custody.

In Ex parte William F. Hudgings, 249 U. S. 378, 39 Sup. Ct. 337, 63 L. Ed. 656, the Supreme Court of the United States upon a petition for habeas corpus ordered the petitioner, who was held in custody under a commitment for contempt, discharged on the ground that the District Court had exceeded its jurisdiction and proceeded in violation of due process of law. In that case relief was obtained by resort to the original jurisdiction of the court. We do not mean to intimate any opinion, however, whether the circumstances in this case are of such an exceptional character as would be likely to induce that court to exercise its original jurisdiction as it did in the Hudgings Case, or whether the circumstances indicate any illegality in what the District Court has done.

The writ of error is dismissed.