**WILSON et al. v. BYRON JACKSON CO.**
No. 8339.

Circuit Court of Appeals, Ninth Circuit.
Dec. 3, 1937.

See, also, 93 F.2d 572.

John Dales, Jr., of Los Angeles, Cal., for appellant Wilson.

Raphael Dechter, of Los Angeles, Cal., for appellant Rush.

Lyon & Lyon, Frederick S. Lyon, and Leonard S. Lyon, and Henry S. Richmond, all of Los Angeles, Cal., for appellee.

Before WILBUR, STEPHENS and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

Appellants, William Webster Wilson and J. D. Rush, were cited to show cause why they should not be adjudged guilty of contempt for a violation of an interlocutory injunction issued in a suit brought by Byron Jackson Company, a corporation, appellee, against William Webster Wilson to secure a permanent injunction against the infringement of appellee's patents, and for an accounting.

The citation also directed the appellants to show cause "why the plaintiff should not have judgment against you for plaintiff's costs and expenses in this proceeding, and for plaintiff's damages caused by your violation of said injunction." The order to show cause was based upon affidavits filed by appellee; it directed that the hearing should be upon affidavits and that the appellants should serve and file in affidavit form "any showing on their behalf herein on or before the 25th day of August 1935," and that affidavits in rebuttal should be filed before August 30, 1935. The return day was September 3, 1935. On October 17, 1935, after hearing, the trial court made its decree adjudging both William Webster Wilson and J. D. Rush guilty of contempt by violating the terms of the interlocutory injunction.

The latter was not a party to the action. The order directed that each appellant pay a fine of $125 "to the clerk of this court for violation of the court's authority, and, as a remedial judgment, are further assessed a penalty for the benefit of the plaintiff herein, the amount thereof to include the costs and expenses of the plaintiff incurred in connection with the contempt proceedings, and including all expenses incurred in the investigations of the acts of the defendant, William Webster Wilson, and of the respondent, J. D. Rush, to show that they had violated said injunction, together with counsel fees, which the Court finds, after considering the verified statement of expenses and disbursements filed by the plaintiff herein, to be in the sum of ten hundred forty-four dollars and 57 cents ($1,044.57). That all of said amounts are required to be paid as a fine and punishment for the contempt of which the defendant, William Webster Wilson, and the respondent, J. D. Rush, have been found guilty. * * *" The order further provided that a writ of execution should issue, and, if the amounts were not paid within three days after the return of the writ, appellants should be committed to the custody of the marshal to remain in the county jail until they made "full satisfaction of said sums required to be paid as a fine and punishment for said contempt." Each appellant petitioned the District Court for an allowance of an appeal, Rush by petition dated October 25, 1935, filed October 28, 1935, and Wilson by petition dated October 26, 1935, filed October 30, 1935. Appeals were allowed on October 29, and October 30, 1935.

■ At the outset, we must inquire as to our own jurisdiction. If the contempt order had been wholly remedial, it would have been interlocutory and hence not appealable. Fox v. Capital Company, 299 U. S. 105, 57 S.Ct. 57, 81 L.Ed. 67; Union Tool Co. v. Wilson, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848; In re Merchants' Stock & Grain Co., 223 U.S. 639, 32 S.Ct. 339, 56 L. Ed. 584; Flat Slab Patents Co. v. Turner [C.C.A.] 285 F. 257; Perfection Cooler Co. v. Rotax Co. [C.C.A.] 296 F. 464; In re Paleais [C.C.A.] 296 F. 403; Heller v. National Waistband Co. [C.C.A.] 168 F. 249; Cutting v. Van Fleet [C.C.A.] 252 F. 100, except as to appellant Rush, see Mitchell v. Lay [C.C.A.] 48 F.2d 79. However, that part of the contempt order imposing a fine against each appellant payable to the clerk of the court for violation of the court's authority was punitive, and for the purpose of review fixed the character of the order as one for the punishment for a criminal contempt. It, therefore, was a final judgment from which both appellants were entitled to appeal. Union Tool Co. v. Wilson, supra; In re Merchants' Stock & Grain Co., supra; Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997; Goodyear Tire & Rubber Co. v. Jamaica Truck Tire Service Co., C.C.A., 66 F.2d 91.

The remaining jurisdictional question then is, Were the appeals taken in accordance with the statutes or rules governing such appeals? This question turns upon the applicability of the new rules regulating criminal appeals adopted by the Supreme Court, to an appeal from a judgment in a case of criminal contempt. In a recent decision by the Circuit Court of Appeals for the Eighth Circuit, Russell v. U. S., 86 F.2d 389, it was held that an appeal taken from an adjudication of criminal contempt was "sued out" in "due form." An inspection of the record in that case shows that the appeal was taken in accordance with the new rules after a trial and sentence by the court, which had denied the appellant's demand for a jury. We think this ruling of the Circuit Court of Appeals is correct.

It is arguable that the new rules for criminal appeals apply only to cases in which the defendant is entitled to a jury, but we think they are broad enough to cover appeals in all criminal cases for the reasons now to be stated:

■ On May 7, 1934, in pursuance of legislative authority therefor, 28 U.S.C.A. § 723a, the Supreme Court promulgated rules fixing the method of taking an appeal in criminal cases. That method provides that "an appeal shall be taken within five (5) days after entry of judgment of conviction, except that where a motion for new trial has been made." Rule 3, 28 U.S.C.A. following section 723a. It also provides that "Petitions for the allowance of appeal, and citations, in cases governed by these rules are abolished." The appeal is taken by filing with the clerk of the trial court notice in duplicate and serving a copy upon the United States attorney. In the case at bar, the judgment was dated and filed October 17, 1935. The petitions for appeal and allowance thereof were more than five days after the entry of the judgment. It follows that if the rules of the Supreme Court concerning the allowance of appeals in criminal actions are applicable, the appeals are too late. No

notice of appeal was served upon the United States attorney. Observing that fact before the argument, we directed the appellant Wilson to notify the United States' attorney of the hearing before this court. We are informed that such notice was given, but the United States attorney has not appeared on behalf of the government and in any event the notice given does not comply with the requirements of rule 3, supra. If the appeal was properly taken, the failure to serve notice is not jurisdictional and could be authorized even at this late date. Mitchell v. Lay, supra; Weinstein v. Black Diamond S. S. Corp., C.C.A., 31 F.2d 519; Rector v. Alcorn, C.C.A., 204 F. 748.

The appellee did not raise this jurisdictional question we are now considering in its briefs, but upon the argument relied upon Union Tool Co. v. Wilson, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848, as authority for the proposition that the review in a case of criminal contempt must be had by writ of error, notwithstanding the alleged contempt arose out of an equitable case. That case was decided May 15, 1922. Since that time the writ of error has been abolished and the method of seeking review in both criminal and civil matters is by appeal. 28 U.S.C.A. §§ 861a, 861b. The method of taking appeals in criminal cases has been changed by the new rules above mentioned. The only difficulty in holding the new rules applicable to appeals from judgments of criminal contempt arises in cases where there is no plea of guilty and where there is no right to a trial by jury. The statute authorizing the court to promulgate rules in criminal cases after verdict provides that "the Supreme Court of the United States shall have the power to prescribe, from time to time, rules of practice and procedure with respect to any or all proceedings after verdict, or finding of guilt by the court if a jury has been waived, or plea of guilty, in criminal cases."

In a criminal contempt, unless one specially directed by statute to be tried by jury, there is no verdict of a jury and the finding of guilt by the court is not one where "a jury has been waived." However, there may be a plea of guilty in a criminal contempt. The question then arises whether or not the statutory limitation of authority and the rules of court which follow the terminology of the statute are applicable to this appeal. It is provided by statute that the right of appeal shall continue in those cases in which appeals are authorized by law, but that the rules promulgated by the Supreme Court with reference to the manner of taking appeals shall control. 28 U.S.C.A. § 723a, 48 Stat. 399, § 2. This provision of section 2 is broad enough to cover all criminal cases in which an appeal was authorized by law at the time of the passage of the statute regardless of whether or not there had been a verdict or a trial in which the defendant was entitled to, but waived, a jury.

We therefore conclude that in view of section 2, supra, of the act we are now considering, the act and rules promulgated thereunder should be construed as broad enough to be applicable to all appeals from judgments punishing criminal contempts. A narrower construction of this statute would result in two different methods of taking appeals in criminal contempt cases where there is no right to a trial by jury; one where there is a plea of guilty and the other where there is a trial, one to be taken in five days and the other in three months. As notice of appeal within five days (intervening Sundays and holidays excluded) was essential to give this court jurisdiction, this conclusion requires a dismissal of the appeal.

Appeal dismissed.