## McCRONE v. UNITED STATES.*

### No. 8836.

Circuit Court of Appeals, Ninth Circuit.

Dec. 13, 1938.

H. L. Maury and A. G. Shone, both of Butte, Mont., for appellant.

Earl C. Crouter, Sp. Asst. to Atty. Gen., and John B. Tansil, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Butte, Mont.

Before WILBUR, HANEY and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court finding appellant in contempt of court. The proceedings out of which the contempt order grew were brought under authority of act of Congress, 26 U.S.C. A. § 1523(a), as follows:

" * * * To enforce summons. If any person is summoned under the internal-revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

The proceedings were initiated by a Special Agent of the Bureau of Internal Revenue who, in an affidavit filed in the District Court, alleged that in the course of his official duties he issued a subpoena, as he was authorized to do, and served it upon appellant to appear and testify as to certain knowledge believed to be had by appellant as to a tax return under investigation. He alleged that appellant appeared before him at the time and place designated in the subpoena but refused to give him any information or answer any questions concerning the subject of the inquiry. After hearing before the District Court, the Court on April 23, 1938 found that the statements set out in the affidavit were true and ordered appellant to appear before the Special Agent and give his testimony to all material matters and facts within his knowledge concerning the subject matter of the inquiry and investigation. After this order,

HANEY, Circuit Judge, dissenting.

*Writ of certiorari granted 59 S.Ct. 591, 83 L.Ed. —.

the Special Agent filed another affidavit in which he stated that appellant had appeared before him and had refused to testify and prayed that the court issue an order adjudging petitioner in contempt. After notice and hearing on this affidavit the Court, on April 28, 1938, entered an order finding appellant in contempt of Court and ordered him "committed to the custody of the United States marshal for the District of Montana to be by said United States marshal confined in the county jail of Silver Bow County, Montana, and to be held in such confinement in such county jail by said United States marshal until the said William McCrone purges himself of his said contempt by obeying the order of this court, duly given and made on the 23rd day of April, 1938, by giving his testimony before Paul W. DeFoe, an agent and officer of the Internal Revenue Bureau, of all matters and facts within his personal knowledge concerning the subject matter of the inquiry and investigation now being carried on by the said Paul W. DeFoe, as such officer and agent, and by making a full, true, complete, accurate and truthful disclosure of all matters and facts within his knowledge, material and pertinent and concerning the subject matter of the investigation now being carried on by such officer."

Appellant took an appeal from this order in the manner and form provided for appeals from a criminal judgment by giving notice of appeal (May 2, 1938) accompanied by a statement of the grounds of appeal. On May 2, 1938, he served and lodged with the clerk a proposed bill of exceptions which was settled and allowed by the District Court on May 6, 1938. Assignment of errors was also served and filed. (See Rules of Practice and Procedure after plea of guilty, verdict or finding of guilt in criminal cases, etc., 28 U.S.C.A. following section 723a.)

■ At the outset we must inquire as to our jurisdiction of the appeal. Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L. Ed. 338; Highway Construction Co. v. McClelland, 8 Cir., 14 F.2d 406; Nixon v. Michaels, 8 Cir., 38 F.2d 420; Cory Bros. & Co. v. U. S., 2 Cir., 47 F.2d 607; United States v. King & Howe, 2 Cir., 78 F.2d 693; Osborn v. United States, 4 Cir., 50 F. 2d 712; In re Perlman, 7 Cir., 68 F.2d 729.

■■ If the order attempted to be appealed from is civil in its nature, the act of February 13, 1925, ch. 229, 43 Stat. 936, 940, 28 U.S.C.A. § 230, requires a petition for, and

allowance of, an appeal. Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988. If criminal in its nature, appeal under the Criminal Appeals Rules, supra, was proper and necessary. Wilson v. Byron Jackson Co., 9 Cir., 93 F. 2d 577. It has been held that for the purposes of review the form of the order determines the character of the proceeding. If the order is for punishment of the defendant by a fixed period of imprisonment, one not determined by the defendant's compliance with the order of the Court, or is for a fine payable to the United States, the proceeding is regarded as criminal. If, however, the imprisonment ordered is for the purpose of compelling obedience to the order of the Court and is made on application and for the benefit of a complaining party, the proceeding is regarded as civil. Fox v. Capital Co., 299 U.S. 105, 57 S. Ct. 57, 81 L.Ed. 67; Matter of Christensen Engineering Co., 194 U.S. 458, 24 S.Ct. 729, 48 L.Ed. 1072; In re Merchants' Stock Co. et al., 223 U.S. 639, 32 S.Ct. 339, 56 L.Ed. 584; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874; Wilson v. Byron Jackson Co., 9 Cir., 93 F.2d 577, supra.

■ In the case at bar, it is clear that the proceedings as well as the form of the order were civil in their nature. As we have stated, the proceedings were initiated by an agent of the Bureau of Internal Revenue on behalf of that department of the Federal Government. The order, requiring appellant to testify, was made on the application of the Special Agent and the punishment was ordered to secure the relief asked for by the Special Agent and was to continue only so long as appellant refused to comply with the order of the Court.

The proceedings and order being civil in their nature, the next question is whether or not appellant has complied with 28 U. S.C.A. § 230, supra, providing that "no writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." In Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988, supra, it was held that the giving of a notice of appeal required by our admiralty rule was insufficient to give jurisdiction of the appeal. The Court stated [page 683]: "The reasons for requiring that an appeal be duly applied for and al-

lowed [are] that there may be some assurance that the suit is one in which there may be a review in the Circuit Court of Appeals; that the decree is of such finality or character that it may be re-examined on appeal; and that appropriate security for costs may be taken where the appellant is not by law exempted from giving such security. In this way improvident and unauthorized appeals are prevented. While an appeal in a proper case is matter of right, the question whether the case is a proper one under the law regulating appeals is not left to the appellant, but is to be examined and primarily determined by the court or judge to which the application is to be made."

This court has been liberal in regard to what constitutes or is equivalent to a petition for and an allowance of an appeal by the court or judge. In Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 93 F.2d 761, we held that where not only a notice of appeal was served and filed but a bond for costs of appeal was presented to the judge and his approval thereof obtained, this constituted in effect an allowance of the appeal by the judge. In the Diamond Cement Case, Partos v. Pacific Coast S. S. Co., 9 Cir., 95 F.2d 738, we held that where a written stipulation between parties providing what the apostles on appeal should contain was filed with the clerk of the district court and on the same day the district court entered an order transmitting and certifying certain exhibits to the Circuit Court of Appeals and, where subsequently a stipulation was filed providing that supplemental apostles might be filed, including a transcript of an oral decision of the district court which upon submission to the district court was corrected and initialed by it, such action constituted a sufficient application for and allowance of an appeal by the district court.

These decisions are inapplicable to the case at bar. Here, the only actions of the trial judge or court subsequent to the judgment in question herein was the settling of the bill of exceptions and the denial of bail. There was nothing equivalent to the application for and allowance of an appeal. See Share v. United States, 8 Cir., 50 F.2d 669; Von Holt v. Carter, 9 Cir., 56 F.2d 61; United States v. New National Coal & Mining Co., 7 Cir., 72 F.2d 168; Ross v. White, 6 Cir., 32 F.2d 750. Indeed, appellant does not contend that there was anything equivalent to an application for and

allowance of an appeal pursuant to 28 U.S.C.A. § 230, supra. His contention is that the proceedings and order were for punishment of criminal contempt.

The appeal is dismissed.

HANEY, Circuit Judge (dissenting).

I dissent.

In the instant case, the majority opinion holds that the appeal should be dismissed because appellant did not comply with 28 U.S.C.A. § 230, which provides that no "appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree". That statute is treated as being in existence and as the controlling rule.

Prior to our hearing of the cause, there became effective the Federal Rules of Civil Procedure, which provide in rule 73(a), 28 U.S.C.A. following 723c, that "a party may appeal from a judgment by filing with the district court a notice of appeal". It thus appears that the two rules regarding the procedure for taking an appeal are inconsistent. The question as to whether or not appellant used the proper procedure is now presented. If both rules are effective, we have a choice as to which rule we will apply.

It might be argued that the old rule providing for allowance of the appeal is no longer in existence because of the statute under which the Federal Rules of Civil Procedure were enacted, 28 U.S.C.A. § 723b, which provides that such rules "shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall be of no further force or effect". Thus, since the old rule is in conflict with rule 73(a), it might be argued that the old rule, as expressed in 28 U.S.C.A. § 230 was repealed as of the effective date of the Federal Rules of Civil Procedure. However, for the purposes of the present discussion, I assume that the force of the new rules is greater than that of the statute under which they were promulgated, and use as a premise that both 28 U.S.C.A. § 230, and the Federal Rules of Civil Procedure are in existence as seems to be the intent of Rule 86, 28 U.S.C.A. following section 723c. See, also, Proceedings of The American Bar Association Institute, p. 188.

The rule last mentioned provides that the Federal Rules of Civil Procedure

"govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies".

I think it is clear that the instant cause was pending on September 16, 1938. See Proceedings of The American Bar Association Institute, pp. 342, 380, 383. Likewise it is clear, that the hearing and determination are further proceedings, and therefore, the rules under rule 86, 28 U.S.C.A. following section 723c, govern, unless (1) that rule is applicable only to the district courts, or (2) the application of the Federal Rules of Civil Procedure "would not be feasible or would work injustice".

Regarding rule 86, Chairman Mitchell of the Advisory Committee, in answering a question, said: "I think it is clear that that case was tried in the district court under the old rule, and when the circuit court of appeals is reviewing the action of the trial judge under the old rules, it will test his decision by those rules. And the rule that provides for exercising discretion as to whether the old or new rules shall be applied to pending cases, has nothing to do with the circuit court of appeals. It relates to the powers of the district court." Proceedings of The American Bar Association Institute, p. 188. However at the same Institute Chairman Mitchell previously said that "officially nobody but the justices of the Supreme Court know what these rules mean" and "Furthermore, I think it was Lord Bacon who said that a person who drafted a document was least qualified to interpret it, because he always had in mind what he intended to say rather than what he actually said".

Was rule 86 intended to apply only to the district courts? The particular word used in the entire sentence is "court". The rules, however, specifically mention "district court", "appellate court", "circuit court of appeals", "Supreme Court of the United States" and "court". While it is true that "appellate court" is used in most instances, and while in most cases where "court" is used it can be seen in those instances that the district court is meant, in rule 75(k) and *(l)*, 28 U.S.C.A. following section 723c the word "court" is used, and the appellate court is meant. I, therefore, believe that it should not be said that because of the habit of referring to the district court as the "court" whenever the word "court" is used, only the district court is meant.

The only other reason for so holding is that all the rules are applicable to the district court only. The Federal Rules of Civil Procedure prescribe a course of action to be taken by: (1) the parties;[1] (2) the district court;[2] and (3) the appellate court.[3] Therefore, the rules are applicable not only to the district courts, but also to the appellate courts.

There is no suggestion here that application of the rules "would not be feasible or would work injustice". In fact there is no sound reason for depriving the appellant of a decision on the merits here. Appellee has not been misled by appellant's method of appeal, or changed its position. It is simply attempting to take advantage of a highly technical objection patently lacking substance. The rules were promulgated to simplify procedure, and to abolish many technicalities which could be used to defeat a decision on the merits. The majority opinion seems to me to lose sight of the purpose of the rules and in effect accomplishes the very thing the rules seek to abolish. I think that in determining whether or not we have jurisdiction, the action taken by appellant should be tested by the rule now in existence, as specified in Rule 73(a) of the Federal Rules of Civil Procedure.

While application herein of the principle laid down in Tighe v. Maryland Casualty Company, 9 Cir., 99 F.2d 727, November 7, 1938, might lead to a different result, that

---

[1] E. g., Rule 8(a) described what a party shall plead in a claim for relief.

[2] E. g., Rule 42(b) prescribes action to be taken by the district court, i. e. the making of an order. The provision is directed to the district court, and prescribes no action to be taken by the parties, although their future course of action may be controlled thereby.

[3] There are several rules which have no application to the district court and require no action by it. They do require action, however, by the appellate court. E. g., Rule 46 requires review even though no exceptions are made by the parties. Another example is Rule 52(a) which provides that "Requests for findings are not necessary for purposes of review". 28 U.S.C.A. following section 723c.

case considered a different rule than the one involved here, and should be limited to its facts. So limited, it is not here controlling.