## UNITED STATES v. ALUMINUM CO. OF AMERICA et al.

District Court, S. D. New York.
March 15, 1939.

Walter L. Rice, Sp. Asst. to Atty. Gen. (John C. Herberg and F. Gwyn Harper, Jr., both of Washington, D. C., Norman A. Adler, of New York City, James S. Kemper, Jr., Ralph Anderson, Creighton R. Coleman, and Gareth M. Neville, all of Washington, D. C., of counsel), for the United States.

Hughes, Richards, Hubbard & Ewing, of New York City, and Smith, Buchanan & Ingersoll, of Pittsburgh, Pa. (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and William Watson Smith, Frank B. Ingersoll, and Leon E. Hickman, all of Pittsburgh, Pa., of counsel), for Aluminum Co. of America et al.

Milbank, Tweed & Hope, of New York City (Morris Hadley, Timothy N. Pfeiffer, and Edgar P. Baker, all of New York City, of counsel), for Aluminium Limited et al.

Baldwin, Todd & Young, of New York City (Roger Sherman Baldwin and Walter W. K. Bennett, both of New York City, and A. L. Nash, of Manitowoc, Wis., of counsel), for Aluminum Goods Mfg. Co.

Hughes, Richards, Hubbard & Ewing, of New York City (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and John H. Watson, Jr., and M. B. & H. H. Johnson, all of Cleveland, Ohio, of counsel), for Aluminum Manufactures, Inc.

CAFFEY, District Judge.

Since the adjournment yesterday I have examined all the papers referred to by counsel having or claimed to have a possible bearing on the admissibility of the deposition of Otto Mueller against certain of the defendants. I have also read all pertinent portions of the minutes to which my attention was called. I have likewise searched for authorities having to do with the application of old Equity Rule 47, 28 U.S.C.A. following section 723, and of the three new Rules of Civil Procedure mentioned in argument, namely, 26 (d), 31 (a) and 86, 28 U.S.C.A. following section 723c.

For the purpose of passing on the objections interposed to the deposition, when I refer to Alcoa, it will include all other defendants represented by Mr. Smith's firm, and when to Aluminium it will include all other defendants represented by Mr. Pfeiffer's firm.

In order to dispose of the matter the material must be divided into and separately considered in two parts. These are the facts preceding the going into effect of the new Rules of Civil Procedure on September 16, 1938, and the facts subsequent thereto.

I shall first recite the facts, brought out by the papers, preceding the going into effect of the new rules:

(1) On July 28, 1938, the Government served a notice of motion, returnable in the motion part of this court August 2d, for an order directing the issuance of a commission to take the deposition. (2) On August 2d the part of the court in which the present suit is pending was not in session. (3) The motion was granted by Judge Clancy, who required that an order be settled on notice. (4) On August 3rd he signed an order, directing issuance of a commission to take the deposition on interrogatories and cross interrogatories to be annexed to the commission. (5) On August 4th the Government filed in the Clerk's office 157 proposed direct interrogatories dated that day. (6) On August 8th a copy of those direct interrogatories was served on the solicitors for Alcoa and Manufactures, who had not opposed the motion. (7) On August 8th, objections to certain of the direct interrogatories by Alcoa and Manufactures are stated at one place in the papers to have been served on the Government, although they are dated August 13th and in the stipulation (later mentioned) are referred to as dated August 12th. (8) On August 13th notice of hearing the objections in the motion part on August 16th was served on the Government. (9) On August 30th a stipulation was signed by solicitors for the Government, Alcoa and Manufactures. This contains four paragraphs: (a) The previously served 157 direct interrogatories proposed by the Government were withdrawn. (b) The objections theretofore served by Alcoa and Manufactures were withdrawn. (c) It was provided that the Government might serve amended proposed interrogatories with the same effect as if originally served and filed pursuant to Judge Clancy's order of August 3rd and that the order should apply to the amended proposed interrogatories. (d) It was agreed that the August 3rd order should continue in effect except as to two paragraphs, which were to be taken as amended in certain respects stated. (10) On September 1st I indorsed my approval at the foot of the stipulation.

Insofar as I can discover, what I have recited constitutes all the pertinent facts preceding the effective date of the new rules save with regard to service up to that date of the papers mentioned, to which I shall hereafter refer.

The new rules went into effect September 16, 1938. The sole relevant facts which occurred subsequently that have been put before me are these:

(1) On September 19, 1938, 265 proposed amended direct interrogatories were filed by the Government. (2) On October 4th objections by solicitors for Alcoa and Manufactures were served on solicitors for the Government. (3) On October 10th the objections were argued before me by Mr. Adler, representing the Government, and by Mr. Hughes, representing Alcoa and Manufactures, and passed on, as set out in pages 4060 to 4154 of the minutes. (4) On October 14th a notice of settlement dated that day of the 265 proposed amended direct interrogatories was served. (5) The settlement was set for hearing in this part, as appears by various recitals in the minutes, on October 17th. (6) The controversies over the interrogatories having been determined October 10th, I made an order allowing them on October 17th.

So far as I can discover, what I have summarized constitutes all the pertinent facts, save with respect to service of papers, having any bearing on what took place subsequent to the going into effect of the new rules.

Let us now go back to the first set of facts. These are confined to the period which preceded the going into effect of the new rules. No paper concerned with that period was served on the solicitors of Aluminium or Goods. The proceeding up to the point of the new rules taking effect was wholly under Rule 47 of the old Equity Rules. If the matter stood alone on those facts, and in so far as concerns those facts, it is manifest, and, as I understand, is conceded by Government counsel, that the deposition would not be admissible against Aluminium or Goods.

So far as concerns or affects service of papers on the solicitors of Aluminium and Goods since September 16, 1938, the following appears: (1) A copy of the 265 proposed amended direct interrogatories was served September 23rd. (2) The objections thereto by Alcoa and Manufactures were not served. (3) The sole participants in the October 10th argument were Mr. Adler and Mr. Hughes. (4) There is no showing that any solicitor for Aluminium or Goods was ever present in court that day. (5) The notice of settlement of the 265 direct interrogatories, dated October 14th, was served on the solicitors for Aluminium and Goods. (6) Whether or not copy of the order allow-

822

ing the interrogatories as they had been altered after the oral argument of October 10th or notice of its entry was served on those solicitors does not appear.

Yesterday Government counsel called attention to an occasional recital in the minutes at the beginning of several days of names of the solicitors for the various parties. That is in accord with long existing practice in this court, followed by the reporters; but this is merely for convenience and does not signify that those mentioned were actually in court. On the contrary, it is merely a list of counsel who have appeared in the action on behalf of the parties indicated.

Notwithstanding that in some respects it is contrary to the established facts, for the purpose of disposing of the second branch of the case, now under consideration, I shall assume that all papers dated later than September 16, 1938, were served on the solicitors for Aluminium and Goods. In support of its contention that such service renders the deposition admissible against Aluminium and Goods the Government relies on Rules 26 (d) and 31 (a) of the present Rules of Civil Procedure for district courts.

Subdivision (d) of Rule 26 deals with the use of a deposition against a party who had "due notice" of its taking. Subdivision (a) of Rule 31 prescribes that a party wishing to take a deposition on written interrogatories shall serve them on every other party "with a notice" stating certain things.

It is clear that no written or express oral notice was ever given to the solicitors for Aluminium or Goods, to the effect that they had any concern in the taking of the deposition or that it was to be taken or was intended to be offered or used as against them or either of them. That is undisputed. I understand that the Government urges, and its entire reliance is, that out of the facts which I have recited there arose an implied notice to the solicitors for Aluminium and Goods that the deposition was to be taken as against their clients.

As I have said, it does not appear that more than two of the papers dated subsequent to September 16, 1938, were served on solicitors for Aluminium or Goods. These are a copy of the 265 proposed amended direct interrogatories and a copy of the notice of their settlement. But, as I have previously stated, for the present

purpose it will be assumed that all the papers of dates later than September 16th were served on those solicitors.

Nevertheless, it does not appear that either of those solicitors was ever served, and both deny that they were served, with any paper of a date earlier than September 16th; nor does it appear that any of the proceedings in the motion part of this court were ever brought to their attention. If, however, they had examined the papers used in the motion part they would have learned four things: first, that the application for the commission was under old Equity Rule 47; second, that notice of the application was addressed to others only and did not include themselves; third, that the period to be covered by the interrogatories expired several years preceding the coming into existence of Aluminium; and, fourth, that the subject matter, as described in the affidavit in support of the application, contained nothing relating to cooking utensils. Obviously, in interpreting what transpired after September 16th they were entitled to take into account their having been ignored up to that date or what was disclosed by the papers presented in the motion part if they had seen or been told of them.

Do the facts afford basis for implying that either Aluminium or Goods was informed that the proposal of the Government was to take the deposition as against them?

In the absence of any written or express oral notice of such a proposal, is there warrant for a finding that, within the meaning of Rule 26 (d), the "due notice" which it requires was impliedly given to the solicitors of either of those parties?

Or may the court properly imply that the notice prescribed by Rule 31 (a) went to those solicitors?

In so far as they depend on the new rules, I have definite views as to how the questions propounded should be answered; but I see no occasion to answer them and, inasmuch as no answer is necessary, I shall refrain from making one.

The present action was pending when the new rules took effect. Rule 86 prohibits their application to a pending matter if that would "work injustice."

The giving of fair notice goes to the root of the administration of justice. In this case, if there be anything to be derived from the facts as I have stated them

with respect to notice to or knowledge by the solicitors for Aluminium and Goods which is incontrovertible, it is, as I see it, that they had no ground even to suspect that the Government had any intent whatsoever to offer the answers to the interrogatories as evidence against them. Whether they knew or were ignorant of the proceedings in the motion part, they were fully justified in disregarding the post-September 16th papers served on them. In the absence of notice or knowledge, within the meaning of the law, of the Government's presently disclosed purpose, brought home to them when those papers were served,—and perhaps even as early as while the proceedings in the motion part were in progress,—it would work injustice to Aluminium and Goods to permit the deposition to be used against them.

As the deposition is not admissible against them under old Equity Rule 47 or under the new rules, it must be excluded.

I may add that, so far as disclosed by the facts brought to my attention thus far (because I have not read the deposition), my decision of the dispute is largely academic. It is wholly academic if answers to the interrogatories cover only what was disclosed in the affidavit on the basis of which the order for the taking of the deposition was obtained. In the affidavit nothing was stated as contemplated that materially affects either Aluminium or Goods.

The Department of Justice has established the practice of compiling and sending to district judges mimeographed copies of all opinions it could obtain by Federal courts throughout the country having a bearing on the new rules. I have examined all which have come into my hands,—on the assumption that my file is complete,—dealing with Rules 26 (d), 31 (a) and 86. In none of them have I found a direct ruling on the question now before me. Insofar, however, as they relate to this question, they tend to support the conclusion I have reached. In order that you may examine these, if you wish, I shall list them on the record:

National Bondholders Corporation v. McClintic, 4 Cir., November 10, 1938, 99 F.2d 595.

McCrone v. United States, 9 Cir., December 13, 1938, 100 F.2d 322.

C. F. Simoni's Sons v. American Can Company, District Court of the Eastern District of Pennsylvania, January 6, 1939, 26 F.Supp. 420.

Three decisions from the District Court of Massachusetts, as follows:

Hadley Falls Trust Company v. United States,[1] September 22, 1938; Pingree v. Hassett,[1] September 27, 1938; Sawler v. United States,[1] September 29, 1938.

Sorenson v. Sutherland, 27 F. Supp. 44, January 31, 1939, by Judge Goddard of this court.

The result is that the objections of Aluminium and Goods to the deposition will be sustained.

---

[1] No opinion for publication.