**FAWICK AIRFLEX COMPANY INC., Plaintiff-Appellee, v. UNITED ELECTRICAL RADIO AND MACHINE WORKERS OF AMERICA LOCAL 735 C. I. O. et al, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21466.  Decided January 3, 1950.

Marshman, Hollington & Steadman, Cleveland, for plaintiff-appellee.

Davis, Davis & Handelman, Cleveland, for defendants-appellants.

## OPINION

By McNAMEE, J:

This is an appeal from the judgment of the Court of Common Pleas finding the eighteen appellants herein guilty of contempt of court. A brief resume of the events preceding the trial is as follows:

About March 7, 1949, a work stoppage occurred at the Fawick Company which was immediately followed by mass picketing by members of the United Electrical Radio & Machine Workers of America Union. Thereafter, on March 11, 1949, after a full hearing at which the trial court determined it had jurisdiction to hear and determine the issues, the Court of Common Pleas issued an interlocutory decree of injunction by the terms of which the defendants therein named and the officers and members of the United Electrical Radio and Machine Workers of America, Local 735, C. I. O. were enjoined from mass picketing the plant or premises of The Fawick Company; from picketing said plant and premises otherwise than peaceably and by not more than two pickets at three designated places; from threatening and intimidating the officers and non-striking employees of the company or commiting acts calculated to prevent their free access to and egress from said plant.

On March 24, 1949, The Fawick Company filed a motion to show cause alleging that twenty persons therein designated as defendants had violated the order of the court in the respects charged. Copies of the motion were served upon all designated defendants, except Kres and Schuster, prior to

March 25, 1949. Investigation of the charges against Kres and Schuster were deferred until service of the motion to show cause was had upon them. The trial against all other eighteen defendants began on March 25, 1949 and lasted four days. All of the appellants were present throughout the proceedings; all of them were represented by counsel; all except two testified in refutation or explanation of evidence offered in support of the charges against them. Full opportunity was afforded defendants for cross-examination of adverse witnesses and to summon witnesses in their behalf. After hearing evidence and arguments from both sides, the trial court adjudged each of the defendants to be guilty of violating the terms of the court's decree of March 11, 1949 and pursuant to §12143 GC imposed a sentence of ten days imprisonment in jail and a $500.00 fine against each of the defendants. However, conditioned upon their future good behavior, the trial court suspended all or part of the fine as to ten of the appellants.

Although there are multiple charges in the motion to show cause and evidence was offered as against some of the defendants on more than one of the charges, each defendant was convicted of but one charge of contempt.

The record is replete with evidence of mass picketing, threats, and violence. It discloses that on the morning of March 23, 1949, a large group of persons, including the appellants, gathered at the Clinton Avenue entrance of the Fawick Company plant, blocked the passage of automobiles carrying non-striking workers and some of the appellants herein hurled stones and other missiles, damaging automobiles and menacing the personal safety of occupants thereof and others in the immediate vicinity. These incidents of mass picketing and violence were repeated on the morning of March 24, 1949 at the same entrance to the Fawick Company and at a time when non-striking workers were attempting to enter the plant.

There is affirmative evidence produced by Fawick that all of the appellants, excepting York and Gentille, were present and participated in the mass picketing on March 23 or March 24, 1949 and that most of them, with the two exceptions noted, were present and participated on both occasions. There is evidence in the form of admissions by York and Gentille that they too were present on at least one of the foregoing occasions.

In addition, the evidence discloses various threats and acts of intimidation of individual employees of the company including the stench bombing of the property of one of them.

Only three of defendants' ten assignments of error merit discussion. They are:

1. That the contempt proceedings upon which defendants' convictions are based violates the due process clause of the State and Federal Constitutions;

2. That the proceedings of the common pleas court were irregular and unauthorized by law;

3. That the judgment of the common pleas court is not sustained by sufficient evidence and is contrary to law;

These assignments of error will be considered in the above order.

The claim that the proceedings offended against the requirements of due process, rests upon the propositions (a) that defendants were denied an opportunity to present a full defense to the charges; (b) that the motion to show cause did not fairly apprise the defendants of the nature of the charges against them.

In support of the first of these claims, it is contended that the trial court erred in refusing to permit defendants to offer evidence or to submit argument attacking the trial court's jurisdiction to issue the injunction. However, the record merely discloses that the sole challenge to the trial court's jurisdiction was by defendants' motion to quash the proceedings.

The action of the trial court in overruling this motion is not assigned as error. No evidence was offered or argument made in the trial court that the Court of Common Pleas was without jurisdiction to grant the injunction.

It is claimed that the trial court's refusal to permit defendants to submit evidence bearing upon the alleged invalidity of the injunction was erroneous. This claim is without merit. It is no defense to a proceeding in contempt based upon a violation of an order of the court to assert the invalidity of the order on other jurisdictional grounds. **Iron Molders Union of North America v. Greenwald,** 4 N. P. (N. S.) 161, affirmed by the Supreme Court, **77 Oh St 618.**

In U. S. v. United Mine Worers, 330 U. S. 258, the Supreme Court of the United States cited with approval its own declaration in Howat v. Kansas, 258 U. S. 181, 189, 190, as follows:

"An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action and served upon persons made parties therein and within the jurisdiction, must be obeyed by them, however

erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected and disobedience of them is contempt of its lawful authority, to be punished."

The foregoing pronouncements of the Supreme Court are applicable and decisive here.

Defendants assert that inasmuch as the law of this state does not permit an appeal from a temporary injunction "they had a right to challenge the original injunction and its validity as a basis for their defense." This argument assumes the right of appeal to be an essential constituent of due process of law. The Supreme Court of the United States held to the contrary, in McKane v. Durston, 153 U. S. 684-687 declaring that:

"A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the state to allow or not to allow such a review. A citation of authorities upon the point is unnecessary."

See also: Lott v. Pitman, 243 U. S. 588; Standard Oil Co. v. Missouri, 224 U. S. 270; Reetz v. Michigan, 188 U. S. 505; Iron Merchants' Stock & Grain Co., 223 U. S. 639.

But defendants insist that to the extent the proceedings involved aspects of civil contempt they had a right to challenge the validity of the original injunction. In support of this argument they rely upon the following dictum of the Supreme Court of the United States in U. S. v. United Mine Workers, supra:—

"The right to remedial relief falls with an injunction which events prove was erroneously issued."

It is unnecessary to elaborate the distinction between civil and criminal contempt to demonstrate that the proceedings here under review were punitive and quasi criminal in character. As stated in Gompers v. Bucks Stone & Range Co. 221 U. S. 418-448:

"The classification then depends upon the question as to whether the punishment is punitive in vindication of the court's authority or whether it is remedial by way of a coercive imprisonment or a compensatory fine payable to the complainant."

Clearly the sentences in this case are not remedial but were imposed solely in vindication of the court's authority. Such relief as may have been afforded plaintiff thereby was incidental to the dominant objective of vindicating the authority and dignity of the Common Pleas Court. The claim of defendants that they were denied the opportunity to present a full defense to the charges is without support in fact or law.

A determination of the question whether appellants were fairly apprised of the charges against them involves a consideration of the terms of the motion to show cause, defendants' motion for a bill of particulars, and an examination of the proceedings in the trial court. There is and can be no valid claim that any of the charges are deficient in particularity of statement describing the acts alleged to be in violation of the court's order. The time and place of their occurrence and the nature of the acts complained of, are specified with a degree of definiteness and clarity sufficient to satisfy the most exacting standards of certainty. The sole attack upon the motion to show cause is the challenge directed against the alleged want of averments informing each defendant of the specific charges against him. Upon a consideration of the entire record as it affects the substantial rights of each defendant, it appears that appellants' claim in this regard is without substance.

At the commencement of the proceedings appellants moved that the trial court require plaintiff to furnish a bill of particulars. Sec. 13437-6 GC, which provides for a bill of particulars, as supplementary to an indictment in a criminal case, has no application to written charges in contempt filed pursuant to §12138 GC. However, it would have been appropriate for the trial court to have considered defendants' request for a bill of particulars as a motion to make the written charges definite and certain and as thus considered to have granted the motion. But an examination of the proceedings discloses that the trial court's refusal to grant the motion was not prejudicial to the rights of any of the appellants.

In the caption of the motion to show cause these eighteen appellants and Kres and Schuster are designated as "defendants." The allegations in the opening paragraph of the motion refer to the injunction and summarize its terms. The second paragraph of the motion contains the general charge which reads:

"Plaintiff states that defendants have not obeyed the above order of this court, but to the contrary have violated said order in the following particulars."

It will be observed that all "defendants" are charged with violating the order of the court as fully and completely as though all of them were specifically named therein. Following the above quoted general charge are eight separate paragraphs describing the particular violations complained of. These will be referred to as Charges 1 to 8 inclusive.

Charges one and two begin as follows:— .

"Defendants or their agents." Treating the words "or their agents" as surplusage, these two charges accuse each and all of the defendants of the violations therein set forth.

Charge No. 2 which contains the principal allegations against the defendants reads:

"Defendants or their agents on March 23, 1949 and on March 24, 1949, massed and congregated in the Clinton Road entrance to plaintiff's plant in numbers greatly exceeding the number of pickets permitted by this court's order, and by violence, fighting and the hurling of stones, threatened, intimidated and injured plaintiff's employees as they entered plaintiff's plant and premises, in violation of paragraphs three, four, six, seven, eight and ten of this court's order."

Charge No. 3 refers only to defendant, Stamm.

Charges 4, 5, 7 and 8 commence with the words "Certain. of the defendants."

Charge No. 6 reads as follows:

"A number of defendant's agents visited the home of John Bacisin, one of plaintiff's employees, on the evening of March 22, 1949, and by threats of personal violence and intimidation,

tried to prevent said Bacisin from going to work at plaintiff's plant, in violation of paragraph six of said order."

There can be no doubt that all defendants are accused of the acts described in Charges 1 and 2 and that only defendant Stamm is charged in No. 3. As to all other charges, except charge No. 6, the accusation is modified to include "certain defendants" and charge No. 6, in terms, is limited to "a number of defendant's agents."

By the express terms of charge No. 2, each of the designated defendants was put squarely upon notice that he, together with all other defendants, was charged with the violations therein described. Plaintiff offered evidence in chief in support of Charge No. 2 against all appellants, except Stamm, who is the only defendant accused in Charge No. 3 and Gentille and York. Plaintiff also offered evidence tending to establish violations of Charges 4, 5, 6, 7 and 8 by several of the fifteen appellants who are included in the plaintiff's proof on Charge No. 2. These fifteen appellants were found guilty of but one charge of contempt and if their separate convictions are sustained adequately by evidence relating to Charge No. 2, there is no basis for complaint that they were not fairly apprised of the charges against them.

It is conceded that appellant Stamm was fairly informed of the charge against him by the terms of charge No. 3.

Gentille and York are in a different position. In common with all of the other appellants, they were included amongst those accused of the violations described in Charge No. 2. However, no proof was offered by plaintiff that either of these defendants committed any of the violations therein set forth. Both Gentille and York testified in opposition to plaintiff's evidence against them on Charge No. 6 and upon cross-examination, but over objection, each of them admitted being present among the massed pickets at the times and places referred to in charge No. 2.

In view of the punitive nature of the proceedings and in the absence of affirmative proof by plaintiff, we are of the opinion that these admissions on cross-examination are not sufficient to establish the guilt of either Gentille or York on charge No. 2.

Plaintiff offered evidence tending to show that Gentille and York were guilty of the violations specified in Charge No. 6 and it becomes material to ascertain whether they were prejudiced by reason of the alleged insufficiency of that charge.

In determining this question, effect must be given to the fact that both Gentille and York were afforded ample opportunity to prepare and defend against such charge. Plaintiff's evidence of violations on charge No. 6 was offered Friday March 25, 1949 and it was not until the following Monday, March 28, that these two defendants offered evidence in opposition thereto. All doubt as to the identity of those included within the accusatory language of charge No. 6 was removed by the testimony of plaintiff's witnesses which was concluded on March 25, 1949. There is no claim of surprise or that the time intervening between March 25 and March 28, 1949 was insufficient to enable both of these appellants adequately to prepare and present their defenses to the charge.

An evaluation of the evidence relating to charge No. 6 requires the reversal of the judgment of conviction against York, there being insufficient evidence to sustain the trial court's finding against him. The case against Gentille is different. Not only is this defendant's guilt on charge No. 6 convincingly demonstrated by plaintiff's evidence, but Gentille's equivocal statements on cross-examination verify and confirm his culpability. It does not appear that the result in his case would have been different if charge No. 6 had been amended at the outset of the trial, so as to include a specific designation of the defendants sought to be charged thereby.

The failure of the trial court to require such an amendment resulted in no prejudice to Gentille.

In Cooke v. U. S., 267, U. S. 517 at page 537, the court said:

"Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges, and have a reasonable opportunity to meet 'them by way of defense or explanation."

We are of the opinion that the foregoing requirements of due process were met in the proceedings here under review.

The assignment of error that the proceedings of the trial court were irregular and unauthorized by law, finds no support in the record or in applicable principles of law. It is claimed that proceedings in contempt for the violation of an injunction are governed exclusively by §11868 GC, which provides for a fine only in the event of conviction. The complete answer to this contention is found in Saw-

brook Steel Castings Co v. United Steel Workers, 148 Oh
St 73, wherein the court said:

"Syllabus 2: **Secs. 11887** and **11888 GC** providing for the
punishment of contempt arising out of the violation of in-
junctions or restraining orders of the court issued upon affi-
davit, do not preclude the application of the provisions of
§12137 GC, in cases where written charges are filed and a
hearing had as provided in §§12138 and 12141 GC."

It is asserted also that only five of the eighteen appellants
were parties to the injunction suit and that the record fails
to disclose that the other thirteen appellants had notice of
the terms of the court's order. It is fundamental that
strangers to a suit for injunction who have neither actual or
constructive notice of the terms of the decree, cannot be
held in contempt for a violation thereof. But the evidence
discloses beyond doubt that in addition to the five appellants
who were named in the petition for injunction, ten other
appellants had actual notice of its terms. As to the remain-
ing three appellants the inescapable inference is that they
too were familiar with the terms of the court's decree.
All eighteen appellants were members of the Union and
as such were parties to the injunction suit by virtual
representation. The proscriptive terms of the decree extended
to all members of the Union. The events occurring between
March 11, when the decree was issued and March 24, 1949,
when the motion to show cause was filed in the contempt
proceedings, admit of no other conclusion than that the
appellants who were members of the Union and formerly
employed by the Fawick Company had notice of the court's
order. This claim of lack of knowledge of the terms of the
court's order was not made in the common pleas court and
it cannot be asserted for the first time on this appeal.

"The forum of a reviewing court is not a place where for
the first time a point which has not been deemed of essence
at the trial and which has not been seriously pressed to the
attention of the court is to be brought to the front for the
mere technical purpose of securing a reversal of a judgment
which the court finds otherwise correct." **2 O. Jur. Sec. 150,**
pages 298-299.

To maintain their contention that the findings of the
Court of Common Pleas are not sustained by sufficient evi-
dence and are contrary to law, appellants argue that the con-

victions for contempt are not supported by clear and convincing evidence. While there is a division of opinion in other jurisdictions in respect of the measure of proof necessary to support a conviction for contempt of court, the better regarded authorities in this State hold that proceedings in contempt are quasi criminal and to warrant a finding of guilty in such cases the evidence must be clear, positive and convincing. **Loney v. Hall, 8 Oh Ap 154; West v. Selbey, 77 Oh Ap 333.**

We have reviewed the voluminous record of the proceedings in the Common Pleas Court and with the single exception of the conviction of appellant, York, are of the opinion that the trial court's findings are in accordance with law and supported by the requisite degree of proof. The record discloses that the appellants and others banded together for the purpose of preventing non-striking workers and members of another Union from entering plaintiff's plant for the purpose of working therein. Several of the appellants were seen to throw stones and other missiles on one or more occasions; some of them acted as "look-outs" to warn of the approach of workers to the plant; one was observed placing stones and similar objects in a "pile;" there were instances of threats made to employees of plaintiff; property was damaged and the personal safety of employees and others endangered. Notwithstanding the presence of police and deputy sheriffs, mass picketing with its menacing implications of threats and violence was indulged in. These things were done in disobedience of a decree of the Common Pleas Court and except as to appellant, York, we cannot say that the trial court's findings that appellants were guilty of violating the court's order were not sustained by sufficient evidence.

There is a conflict in the testimony relating to the case against several of the appellants but a reviewing court cannot substitute its judgment for the determination of a trial court on the weight of the evidence and the credibility of the witnesses.

The complaint that the sentences imposed were severe, harsh and excessive must be rejected. All the sentences imposed were within the limitations prescribed by statute. Consequently this court may not inquiry whether punishment was apportioned equitably amongst the various defendants. The trial court committed no abuse of discretion in this regard.

Careful consideration has been given to all other assignments of error which we find to be without merit.

Finding no error prejudicial to any of the appellants, except

the appellant, York, the judgment of the Common Pleas Court is reversed as to him and appellant York is discharged. The judgment of the Common Pleas Court is affirmed in all other respects. Exceptions noted. Order see journal.

SKEEL, PJ, HURD, J, concur.